ALFRED PERSON v. PHILANDER McCARGAR.[1]

June 3, 1904.

Nos. 13,869—(132).

**Contract of Employment.**

 Action to recover stipulated wages for work performed pursuant to a contract for a definite term. The defendant continued to accept the services to the end of the term, after notice of alleged misconduct of the plaintiff. *Held*, that he thereby waived his right to insist on a forfeiture of the plaintiff's wages on account of such misconduct.

Appeal by defendant from an order of the district court for Otter Tail county, Baxter, J., denying a motion for a new trial, after a trial and verdict in favor of plaintiff for $182.72. Affirmed.

*J. W. Mason*, for appellant.

*E. E. Corliss* and *B. J. Johnson*, for respondent.

START, C. J.

Action to recover the stipulated wages for work performed as a farm laborer by the plaintiff for the defendant. The complaint alleged that the term of service was eight months; also the stipulated wages per month, and that no part thereof had been paid. The answer admitted the allegations of the complaint, except that it alleged that the term of service ended in the fall when it froze up. The difference between the parties as to the amount earned was only some $8. The answer,

1 Reported in 99 N. W. 885.

as a defense, alleged that the plaintiff did not perform his implied contract with the defendant to serve him honestly and faithfully, but that he did during his term of service steal and carry away a wrench and saw, of the value of $5, the property of the defendant. This was denied by the reply. The trial court refused to submit the alleged defense to the jury, and instructed them that the only question in the case was whether the contract was for eight months or until it froze up in the fall, and that they need not take into consideration anything else. The jury found, in effect, that the contract expired at the time claimed by the defendant, and returned a verdict for the plaintiff in the sum of $182.72. The defendant appealed from an order denying his motion for a new trial.

The principal assignment of error is to the effect that it was error for the trial court to refuse to submit to the jury the question whether the plaintiff was guilty of stealing as alleged in the answer. The merit of this alleged error is to be tested by inquiring whether the evidence was such that it would have sustained a verdict for the defendant if the alleged defense had been submitted to the jury. Where, as in this case, it is sought to defeat a recovery of $182, admitted to have been earned by a laborer, and never paid, by charging him with stealing a wrench and a saw of the alleged value of $5, the defendant must make strict proof of the charge. Now, conceding for the purposes of this appeal that the rule that a dishonest servant who embezzles his master's property forfeits his wages applies to this case, we are of the opinion that the evidence in this case is wholly insufficient to sustain a verdict in favor of the defendant.

The defendant admits that he lost the wrench the fall before the plaintiff commenced to work for him; that he knew about a month before the plaintiff had completed his term of service that he had the wrench; that he never missed the saw until the plaintiff returned it to him about two weeks before his term of service ended; that the wrench was returned afterwards; and, further, that the wrench cost $2.50, and the saw, which was an old one, was, when new, probably worth $1. The plaintiff testified that he found both the wrench and the saw. Accepting the defendant's testimony as true, it conclusively appears that he was fully informed of the plaintiff's alleged misconduct before he completed his term of service, and that he thereafter kept the plaintiff

in his service, without objection, until the end of the term, and then, when called upon to pay for wages fully earned, he seeks to forfeit them by charging the plaintiff with stealing an old saw and wrench.

We do not question the correctness of the rule that a dishonest servant who has stolen his master's money or other property may be promptly discharged without his wages. Peterson v. Mayer, 46 Minn. 468, 49 N. W. 245. But such is not this case. The defendant, by keeping the plaintiff in his service to the end of the term, after notice of his alleged misconduct, waived, as a matter of law, all right, if any he ever had, to forfeit his wages. It would be unthinkable injustice to permit him to continue to accept, after such notice, the services of the plaintiff to the end of the term, and then forfeit his entire wages. If the defendant desired to promote common honesty, it was his duty promptly to discharge the plaintiff on discovering his alleged dishonesty, and not keep him at work to the end of the term, and then refuse to pay him anything for his services.

The defendant, on the cross-examination of the plaintiff, asked him whether he had stolen the defendant's wrench and saw. This was objected to as not proper cross-examination, and the objection was sustained. The ruling was correct. Besides, the matter was gone into fully on the cross-examination of the plaintiff when he was called in rebuttal.

The defendant testified that the saw and wrench were the only property that he knew that the plaintiff had stolen from him. He then offered to show by himself that about the time the saw and wrench were taken he lost from his place other articles of personal property. The objection of the plaintiff to the offer was sustained by the court. There was no offer to connect the plaintiff with taking away any of the other articles. The ruling was correct.

Order affirmed.