FRANK G. PETERSON *vs.* JOSEPH H. MAYER.

July 1, 1891.

Master and Servant—Embezzlement during Term of Hiring—Right to Wages for such Term.—An employe who was hired from month to month, at a stipulated salary payable at the end of each month, whose duty was to collect and receive the moneys of his employer, habitually, and during all of the several months that he remained in the service, embezzled the moneys of his employer which came into his hands in the course of his employment. *Held,* that he was not entitled to recover anything for his services; the contract for each month being an entire one, to wit, to serve an entire month for an entire sum, and he having failed to perform his contract for any one month because of his breach of the implied condition that he would serve his employer honestly.

Appeal by defendant from a judgment of $154.51, in the municipal court of St. Paul, ordered and entered on the pleadings.

*A. E. Bowe,* for appellant.

*Henry & R. L. Johns,* for respondent.

MITCHELL, J. The allegations of the complaint are that the plaintiff performed labor and work for defendant for seven and a fraction months

at an agreed sum per month, payable at the end of each month. The answer admits the employment at the sum alleged for each and every month that plaintiff should work for defendant, and that the plaintiff worked the length of time stated, but alleges, by way of defence, that during *all* the time of his service the plaintiff stole and appropriated to his own use large sums of defendant's money which came into his hands in the course of his employment, and that, as soon as defendant discovered the fact, he discharged the plaintiff from his service. Upon the pleadings, therefore, the contract must be taken to have been a hiring by the month or from month to month, the wages being due and payable at the end of the month. Judgment having been ordered for plaintiff on the pleadings, it must be taken as true, as alleged in the answer, that during all of the time of plaintiff's service, viz., during each and every one of the months that he was in defendant's employment, he was constantly engaged in embezzling his employer's money.

While the whole services were not performed under one entire contract, yet, as to each and every month by itself, the contract was an entire one, viz., to work an entire month for an entire price. A contract to pay a certain sum for a month's service is as entire in its consideration as is a contract to pay a certain sum for a single chattel. *Beach* v. *Mullin*, 34 N. J. Law, 343. Therefore, to entitle plaintiff to recover the specified wages for any one month, he must have substantially performed the contract of service for that month. According to the settled doctrine of this court, had plaintiff, before the expiration of the month, abandoned the service without excuse, and by his own wilful fault, he could have recovered nothing for the portion of the month he worked, because he would not in such case have performed his contract. *Nelichka* v. *Esterly*, 29 Minn. 146, (12 N. W. Rep. 457;) *Kohn* v. *Fandel*, 29 Minn. 470, (13 N. W. Rep. 904.) The same result would have followed, and on the same ground, had the defendant during the month, for good and sufficient cause, discharged the plaintiff from his service. But it was an implied condition of the contract that plaintiff should serve the defendant faithfully and honestly. Although only implied, this was as much a part of the contract as was the express condi-

tion as to the time of service, and the breach of the one was just as much a failure to perform the contract as would have been a breach of the other, and the consequences in both cases would be the same. Indeed, if there is any case of non-performance of an entire contract which should prevent a recovery, it is where a servant has been habitually embezzling his master's money which came into his hands in the course of his employment; for, in such cases, not only is the breach the result of positive dishonesty, but it goes to the very root of the subject-matter of the contract of service. To allow the dishonest servant to recover the value of his services, less what the master can show by direct and positive proof (often impossible) he had stolen, would neither subserve the ends of justice nor tend to promote common honesty. *Libhart* v. *Wood*, 1 Watts & S. 265.

Of course, substantial, and not exact, performance, accompanied with good faith, is all the law requires in the case of any contract to entitle a party to recover on it. Although a plaintiff be not absolutely free from fault or omission in every particular, the court will not turn him away if he has in good faith made substantial performance, but will enforce his rights on the one hand, and preserve the rights of the defendant on the other, by permitting a recoupment. *Leeds* v. *Little*, 42 Minn. 414, (44 N. W. Rep. 309;) *Elliott* v. *Caldwell*, 43 Minn. 357, (45 N. W. Rep. 845.) Neither is the rule which we have applied to the present case to be extended so far as to forfeit wages already earned on a contract already fully performed and at an end. For example, in this case, had the plaintiff faithfully and honestly served the defendant during all of the first seven months, his wages for which were fully earned, they would not be forfeited by a breach of the contract for the eighth month. But in the present case, according to the answer, the plaintiff, whose duties included the constant and daily receipt of defendant's moneys, failed to perform his contract for any month, having wilfully and dishonestly violated it in a most substantial and essential matter. Hence he never earned his wages for any of the months he was in defendant's service.

Judgment reversed.