DORE SUNDLAND, Respondent, *v.* THE KORFUND COMPANY, INC., and CORK FOUNDATION COMPANY, INC., Appellants.

First Department, June 19, 1940.

*Joseph A. Fagnant*, for the appellants.

*Bernard Indelman* of counsel [*Samuel Meyers* with him on the brief; *Morris & Samuel Meyers*, attorneys], for the respondent.

COHN, J. Defendants appeal from an order awarding plaintiff partial summary judgment for $948.60. The action is for damages in the sum of $20,000 for the alleged wrongful discharge of plaintiff from the service of defendants.

Plaintiff was hired as a sales manager by defendants in the year 1935 under written contracts, the period of employment beginning June 13, 1935, and terminating December 31, 1939. He was discharged on April 20, 1939, for alleged dishonesty. Defendants Korfund Company, Inc., and Cork Foundation Company, Inc., are engaged in the business of isolating machinery against noise and vibration. Their entire capital stock is owned by the same five persons.

As a complete defense to the cause of action stated in the complaint, defendants set up the dishonesty of plaintiff during the entire period of his hire. They aver that, while employed, he was stealing large quantities of cork from defendants. The Korfund Company, Inc., also sets up by way of counterclaim that the value of the property so converted was $1,800 and asks for a judgment for that sum in its favor. Defendant Cork Foundation Company, Inc., counterclaims for the sum of $1,200 which it avers is the value of the cork stolen by plaintiff from that corporation. Plaintiff served a reply in which he denied all allegations of dishonesty.

Plaintiff was employed by both defendants under agreements which were made in pairs on practically identical terms. The employment was to be continuous from June 13, 1935, to December 31, 1939. The earlier agreements provided for a payment of $325 per month as salary together with a share of profits amounting to twenty-four per cent. Agreements dated October 1, 1937, reduced plaintiff's share of the profits from twenty-four per cent to twelve per cent. The complaint demands that plaintiff receive all benefits under the contracts of which he was deprived by reason of defendant's breach. These include the accumulated profits which were due him as well as damages for the unexpired term of the agreements. The participation in the profits was not payable before December 31, 1939, upon which date all agreements were terminable. Concededly, on that date, the sum of the credits on the books of defendants in favor of the plaintiff was $3,984.60. As the sum of the demands of defendants' counterclaims based upon the value of the property allegedly stolen was $3,000, the Special Term granted partial summary judgment for the difference.

In view of the pleadings and the allegations in the affidavits, we think this was error. If it be established, as defendants assert, that plaintiff stole from his employers " at frequent intervals throughout the entire period " of his service, it would follow that plaintiff is entitled to no part of the sum of $3,984.60. Plaintiff suggests that though the allegations of the larcenies might be valid as a plea in bar of the plaintiff's claim for damages for the unexpired term of his contracts, that is, from April 20, 1939, to December 31, 1939, they are insufficient in law as a defense to the claim for the sum of $3,984.60 earned by and credited to plaintiff for the period antedating the discharge. We think that the contention of plaintiff is without merit.

It appears to be the settled law that where the dishonesty of a servant is of such a character as to justify the conclusion that his contract of service has been violated by reason of misconduct

and disloyalty which substantially affect the contract of employment, then there may be no recovery for such service. (*Turner* v. *Kouwenhoven*, 100 N. Y. 115, 120; *Ressig* v. *Waldorf-Astoria Hotel Co.*, 185 App. Div. 4, 8; affd., 229 N. Y. 553; *Abramson* v. *Dry Goods Refolding Co.*, 166 N. Y. Supp. 771 [not officially reported]; *Peterson* v. *Mayer*, 46 Minn. 468; 49 N. W. 245; *Brown* v. *Croft*, 6 C. & P. 16, 17, note g; *Libhart* v. *Wood*, 1 Watts & Serg. 265 [Pa.].) " Not only must the employee or agent account to his principal for secret profits but he also forfeits his right to compensation for services rendered by him if he proves disloyal." (*Lamdin* v. *Broadway Surface Adv. Corp.*, 272 N. Y. 133, 138.) The case of *Turner* v. *Kouwenhoven* (*supra*) contains the following statement of the pertinent rule by the Court of Appeals (at p. 120): " Cases may, no doubt, arise where the dishonesty of the servant is of such a character as would justify the conclusion that his contract had been violated in a most material and substantial part and to an extent which would bar any recovery whatever, but the act in such cases, to bar a recovery, must be misconduct and unfaithfulness which substantially violates the contract of service. (*Brown* v. *Croft*, 6 C. & P. 16, 17, note a [g]; *Libhart* v. *Wood*, 1 Watts & Serg. 265.) Flagrant acts of dishonesty or crime which seriously affect the master's interest, continued during the service, might well be regarded as a bar to the recovery of wages, although the amount received and fraudulently appropriated might be far less than the amount fixed by the contract."

In the *Abramson* case (*supra*) (Appellate Term, 1st Dept., 1917) the court, by Lehman, J. (now Chief Judge Court of Appeals), said: " Dishonesty on the part of the servant may not in itself constitute a defense to an action for wages, but certainly a servant is not entitled to recover for dishonest service contrary to his employer's interest. It follows that where, as in this case, the employer alleges facts sufficient to show dishonesty and disloyalty on the part of his employee which permeates the employee's service in its most material and substantial part, the employee cannot recover the agreed compensation; for he has failed essentially to give the stipulated consideration for the agreed compensation, and is asking for pay for his own wrongdoing."

In *Peterson* v. *Mayer* (46 Minn. 468; 49 N. W. 245) the following apposite language is used (at p. 470): " Indeed, if there is any case of non-performance of an entire contract which should prevent a recovery, it is where a servant has been habitually embezzling his master's money which came into his hands in the course of his employment; for, in such cases, not only is the breach the result of positive dishonesty, but it goes to the very root of the

subject-matter of the contract of service. To allow the dishonest servant to recover the value of his services, less what the master can show by direct and positive proof (often impossible) he had stolen, would neither subserve the ends of justice nor tend to promote common honesty. (*Libhart* v. *Wood*, 1 Watts & S. 265.) "

In the old English case of *Brown* v. *Croft* ([1828] *supra*) it appeared that the plaintiff sued for four quarters' wages. Defendant was a silversmith, and it was proved that the plaintiff, while in his service as a shopman, had embezzled silver spoons, and also money he had received for his master. Lord TENTERDEN ruled that if a servant habitually embezzles his master's property, the amount embezzled is wholly immaterial; and, although the arrears of wages sought to be recovered may exceed the amount embezzled, the servant is not entitled to anything.

Applying the principles enumerated in the foregoing authorities to the case at bar, we think that the Special Term should not have awarded a recovery of a part of the credits standing on the defendants' books where the question as to whether plaintiff had faithfully performed his undertakings toward defendants is still open. The order and judgment under review, if permitted to stand, would withdraw from the issues left for the trial the question as to whether plaintiff, as defendants contend, was engaged in a course of dishonest conduct toward his employers during the years 1936 and 1937, the period when the credits for which judgment has been allowed were allegedly earned. If defendants should successfully establish upon a trial that plaintiff's services have been permeated with dishonesty and disloyalty in a material and substantial way, then upon reason and authority, plaintiff should be barred from recovering the agreed compensation for services so rendered.

The order and judgment should be reversed, with costs, and the motion for partial summary judgment denied.

MARTIN, P. J., O'MALLEY, TOWNLEY and CALLAHAN, JJ., concur.

Order and judgment unanimously reversed, with costs, and motion for partial summary judgment denied.