441 P.2d 47

**WESTERN FARM BUREAU MUTUAL INSURANCE COMPANY, Plaintiff-Appellee,**

**v.**

**Pete BARELA, Sr., Defendant-Appellant.**

**No. 8482.**

Supreme Court of New Mexico.

May 20, 1968.

[redacted]

[redacted]

[redacted]

[redacted]

[redacted]

[redacted]

[redacted]

[redacted]

[redacted]

[redacted]

[redacted]

[redacted]

[redacted]

[redacted]

**150**

Lorenzo A. Chavez, Melvin L. Robins, Ramon Lopez, Albuquerque, for appellant.

Modrall, Seymour, Sperling, Roehl & Harris, Henry G. Coors, Frank H. Allen, Jr., Wilson, Ahern & Montgomery, Albuquerque, for appellee.

## OPINION

NOBLE, Justice.

Pete Barela, Sr., brought suit in Bernalillo County in tort against his employer, Bourke Terpstra, doing business as Mesa Dairy, hereafter termed Terpstra, on account of an accidental injury sustained in the course of employment. Western Farm Bureau Mutual Insurance Company, hereafter termed insurance company, having issued to Terpstra its Farmers' & Ranchers' Liability policy of insurance, brought an action for declaratory judgment in Dona Ana County to determine its liability under the policy. Barela and the insurance company moved for summary judgment, agreeing that there were no disputed issues of material fact. Summary judgment was entered declaring that the insurance company had no obligation to investigate, adjust or defend the Barela claim against Terpstra, or to pay any judgment Barela might recover from Terpstra. Barela alone has appealed.

The undisputed facts briefly appear to be: Terpstra operated a dairy, and although not required to do so, had filed a workmen's compensation insurance policy which expired May 15, 1963. Floyd Bailey, an insurance broker and authorized agent for the insurance company, sold Terpstra the Farmers' & Ranchers' policy which Bailey said would protect Terpstra against claims of his employees. The policy contained a provision agreeing to pay, within policy limits, all sums which Terpstra should become obligated to pay by reason of bodily injury or sickness claims of his employees. The policy, however, also contained an exclusionary clause exempting the insurance company from liability if benefits for such injury to an employee "are either payable or required to be provided under any workmen's compensation law * * *."

By filing the workmen's compensation insurance policy, Terpstra elected to accept the provisions of the workmen's compensation act as a matter of law. By his election, Terpstra became subject to its provisions and could only withdraw by giving the 30-days written notice required by § 59–10–4, N.M.S.A.1953. Terpstra failed to give the required notice and, hence, at the time of the Barela accident, benefits were required to be provided by him under the New Mexico Workmen's Compensation Law.

Barela contends that an oral contract of insurance was entered into between the insurance company and Terpstra which was for his benefit. He argues that the agent knew the date of termination of the workmen's compensation insurance policy; that the statutory 30-days notice could not be given prior to its termination and the effective date of the Farmers' and Ranchers' policy; and that, accordingly, it must have been intended that the exclusionary clause was to be waived.

We are firmly committed to the rule that oral contracts of insurance are recognized in this state. Maryland Cas. Co. v. Foster, 76 N.M. 310, 414 P.2d 672; Harden v. St. Paul Fire & Marine Ins. Co., 51 N.M. 55, 178 P.2d 578. However, those were cases where a written policy of insurance was never issued. A written policy of insurance was received by Terpstra prior to May 15, 1963 and retained by him without objection until February 20, 1964 when the Barela accident occurred. A contract of insurance which has been embodied in a formal written instrument, termed a "policy," merges all prior or contemporaneous parol agreements touching the transaction, and when the insured accepts the policy, he "is conclusively presumed, in the absence of fraud, to have given his assent to all of its terms." State Distributing Corp. v. Travelers Indem. Co., 224 N.C. 370, 30 S.E.2d 377; Hartford Fire Ins. Co. v. Shapiro, 270 Ala. 149, 117 So.2d 348; Hartford Accident & Indem. Co. v. Farmington Auction, 356 S.W.2d 512 (Mo. Ct.App.1962); 12 Appleman, Insurance Laws and Practice § 7155. See Bell v. Lammon, 51 N.M. 113, 179 P.2d 757; Continental Life Ins. Co. v. Smith, 41 N.M. 82, 64 P.2d 377.

Under the facts here present, Porter v. Butte Farmers Mutual Ins. Co., 68 N.M. 175, 360 P.2d 372, and Gendron v. Calvert Fire Ins. Co., 47 N.M. 348, 143 P.2d 462, 149 A.L.R. 1310, are controlling and require affirmance of the judgment. By those decisions, we are firmly committed to the principle that receipt and retention of the policy without objection, by one who has had an opportunity to examine it for a reasonable time, is regarded as an acceptance of its terms. The rule announced by this court in those cases follows the weight of the decisions of other courts. 1 Couch on Insurance (2d) § 12:12; 12 Appleman, Insurance Law and Practice § 7155. It is no excuse that the insured neglected to read the policy or to familiarize himself with its terms, Porter v. Butte Farmers Mutual Ins. Co., supra, or that the insured was illiterate or could not read English. American Fidelity Co. v. Schemel, 103 N.H. 190, 168 A.2d 478. The rights of Barela who claims to be a third-party beneficiary can be no greater than those of Terpstra. 12 Appleman, Insurance Law and Practice § 7155; Neuner v. Gove, 133 S.W.2d 689 (Mo.Ct.App.1939).

Relying upon Fulwiler v. Traders & General Ins. Co., 59 N.M. 366, 285 P.2d 140, Barela urges that the exclusionary clause of the insurance policy was waived because of the company's knowledge that Terpstra could not give the statutory notice to effect a withdrawal from workmen's compensation prior to termination of his workmen's compensation policy and the effective date of the Farmers' and Ranchers' policy. The inability to withdraw prior to the effective date of the policy, he argues, rendered it invalid from its inception, and knowledge of that fact constitutes a waiver of the exclusionary clause which created the forfeiture. Barela now asserts that by reason of such knowledge, the insurance company is estopped from enforcing the exclusionary clause.

It is well established, however, that none but jurisdictional questions may be raised for the first time on appeal. Supreme Court Rule 20 (§ 21–2–1(20), N.M. S.A.1953); Batchelor v. Charley, 74 N.M. 717, 398 P.2d 49; Entertainment Corp. v. Halberg, 69 N.M. 104, 364 P.2d 358; Ferran v. Jacquez, 68 N.M. 367, 362 P.2d 519. Barela pled neither waiver nor estoppel as required by Rule 8(c) (§ 21–1–1(8) (c), N.M.S.A.1953). Accordingly, the case was

not tried on those issues below, and neither waiver nor estoppel is an issue on appeal. Yrisarri v. Wallis, 76 N.M. 776, 418 P.2d 852; Skidmore v. Eby, 57 N.M. 669, 262 P.2d 370.

The purpose of a summary-judgment proceeding is to determine whether a defense exists. Since summary judgment may only be granted where no genuine issue of material fact is presented by the pleadings, affidavits and depositions, Rule 56 (§ 21–1–1(56), N.M.S.A.1953), Gallegos v. Wallace, 74 N.M. 760, 398 P.2d 982, this court will consider the nature of the defense submitted by a defendant. However, in determining whether it was error to grant summary judgment, this court is limited to matters presented in the pleadings, affidavits and pre-trial depositions, and defenses cannot be invoked for the first time on appeal. Schmelzle v. Transportation Inv. Corp., 341 Ill. App. 639, 94 N.E.2d 682. Neither waiver nor estoppel was pled nor were these defenses before the trial court at the time this motion was submitted. Having been raised for the first time on appeal, they come too late and may not be relied upon to reverse the judgment. MFA Mutual Ins. Co. v. Southwest Baptist College, Inc., 381 S.W.2d 797 (Mo.1964).

We find no merit to Barela's argument that the question of estoppel was presented by testimony of the insurance company agent that he knew Terpstra's workmen's compensation policy expired on May 15, 1963. Even if estoppel could be raised in this manner, the testimony relied upon is not of the character necessary to create an estoppel by acceptance of benefits. To create such an estoppel, the party claiming it must have been without knowledge or means of knowledge of the facts upon which he bases his claim. Addison v. Tessier, 62 N.M. 120, 305 P.2d 1067. The facts were equally available to both parties to the insurance contract.

Finally, Barela insists that it was error for the district court of Dona Ana County to entertain jurisdiction of this declaratory judgment action when a common-law action for damages against Terpstra was pending in Bernalillo County. We cannot agree. We think it is established that the question of whether to accept jurisdiction over a declaratory action to determine whether an insurance company has liability is within the sound discretion of the court. Borchard, Declaratory Judgments (2d Ed.) p. 313. The insurance company was not a party to the Bernalillo County action and could neither assert non-coverage, nor obtain a determination in that action of its obligation to defend Terpstra. Under such circumstances, at least, the suit in Bernalillo County was not a bar to the present action. Utica Mut. Ins. Co. v. Hamera, 162 Misc. 169, 292 N.Y.S. 811.

Finding no error, the judgment should be affirmed.

It is so ordered.

CHAVEZ, C. J., and COMPTON, J., concur.