486 P.2d 68

AMERICAN INSTITUTE OF MARKETING SYSTEMS, INC., a Missouri Corporation, Plaintiff-Appellant,

v.

DON RHOADES CORPORATION, a Corporation, Defendant-Appellee.

No. 9172.

Supreme Court of New Mexico.

May 10, 1971.

Rehearing Denied June 16, 1971.

Sutin, Thayer & Browne, Irwin S. Moise, Jonathan B. Sutin, Albuquerque, for plaintiff-appellant.

Stuart C. Hines, Albuquerque, for defendant-appellee.

## OPINION

TACKETT, Justice.

This action was commenced in the District Court of Bernalillo County, New Mexico, to domesticate a foreign judgment obtained by the American Institute of Marketing Systems, Inc., a Missouri corporation, designated "Aims," against defendant Don Rhoades Corporation, designated "Rhoades," in the Magistrate Court, Seventh District, St. Louis County, Missouri. Aims filed a motion for summary judgment, which was denied. The case was then tried without a jury and judgment was entered in favor of defendant Rhoades. Plaintiff Aims appeals.

Briefly, the facts are that Aims and Rhoades entered into a contract in February 1967, which will be referred to as a "residential real estate referral program for Aims' member brokers." The contract contained an automatic renewal provision on the same terms and conditions. The contract also provided that Rhoades may terminate the agreement by giving Aims thirty-day-written notice of intention to terminate. Another provision, and most important, is that:

"* * * George M. Kinder, located at Route 3 Box 25, U.S. Hwy. 40, in Chesterfield, St. Louis County, Missouri, shall serve Aims as its nominee for the receipt of materials * * * and shall serve * * * [Rhoades] as Broker's Agent for the receipt of any legal documents including process as may be required under this Agreement or the enforcement thereof."

This was a six-months contract. Rhoades did not technically comply with the cancellation provision of the contract. He did, however, pay for the first six months of the contract and this cause of action is for payment under the contract for a subsequent six-month period under the automatic renewal provision. Suit was filed in Missouri. Process was served on Kinder, agent for Aims and Rhoades. Kinder mailed the complaint and summons to Rhoades by registered mail, return receipt. Upon receipt of the summons and complaint, Rhoades contacted his local attorney, who advised that it would be necessary to defend the suit in the Missouri court, which Rhoades did not do. At the end of the subsequent six-month period, default

**660**

judgment was taken against Rhoades in the Missouri court and, after being properly exemplified and authenticated, the judgment was transmitted to Aims' attorney in Albuquerque, who filed this action against Rhoades.

This court observes that Aims has been involved in considerable litigation in other jurisdictions as a result of substantially the same type of contract as herein involved.

The issue in the instant case is whether the trial court was obligated to give full faith and credit to the Missouri judgment.

Under the posture of this case, we are most reluctant to reverse. However, it becomes necessary, as the trial court committed error in failing to give full faith and credit to the judgment of the Missouri court under the United States Constitution, Art. IV, § 1, which provides in part:

"Full Faith and Credit shall be given in each State to the public Acts, Records, and judicial Proceedings of every other State. * * *"

(Citations omitted.)

The proper forum for litigating the issues involved in this case was the Missouri court, and the trial court should have granted summary judgment, even if its conscience may have been shocked by the contract between the parties, as is ours in the instant case.

"* * * [I]t is not the province of the court to alter or amend the contract, but rather to interpret and enforce the contract as made by the parties. * * *"

Hopper v. Reynolds, 81 N.M. 255, 466 P.2d 101 (1970).

The case is reversed and remanded to the trial court, with instructions to reinstate the case on the docket and enter a new judgment in favor of Aims in the amount of the Missouri judgment only. Each party will stand their own costs and no attorneys' fees will be allowed. It is so ordered.

McMANUS and STEPHENSON, JJ., concur.