Irving Younger, J.
The question in this case is whether a servant who is faithless to his master on Tuesday thereby forfeits the wage he earned on Monday. I hold that he does not.
Plaintiff is a truck driver. His 14 years of service to defendant came to an end on December 15, 1967, an eventful day during which plaintiff successively stole some thousand dollars worth of cargo, was apprehended by the FBI, and ceased to be defen: dant’s employee. Had his discharge come about for morally neutral reasons (such as a slackening qf defendant’s business), plaintiff would concededly have been entitled to $494.07 by way of vacation credits earned and wages payable for days worked before December 15, 1967. In view of the circumstances of plaintiff’s discharge, defendant refused to remit. Plaintiff thereupon sued. The case was tried before me without a jury, and since the evidence is essentially undisputed, the sole issue is whether defendant’s affirmative defense — expressed in its answer as “ plaintiff’s disloyalty to defendant and his dishonesty” — does indeed preclude the claim.
Defendant relies upon the rule of agency which says that an employee ‘c forfeits his right to compensation for services rendered by him if he proves disloyal.” (Lamdin v. Broadway Surface Adv. Corp., 272 N. Y. 133, 138.)
*445 Doubtless that is the rule. The threefold difficulty with its application in this case is (1) that plaintiff’s dishonesty occurred on the last day of his employment, (2) that, although defendant argues to the contrary, the record here does not permit the conclusion that plaintiff had ever before been disloyal to defendant, and (3) that, while the point has been seldom noticed and never fully explained, a careful reading of the precedents demonstrates that the bar to a faithless servant’s recovery applies only to the period of his faithlessness.
To begin with the earliest, in Turner v. Kuowenhoven (100 N. Y. 115, 120), the Court of Appeals stated that “ flagrant acts of dishonesty or crime which seriously affect the master’s interest, continued during the service, might well be regarded as a bar to the recovery of wages, although the amount received and fraudulently appropriated might be far less than the amount fixed by the contract.” (Italics supplied.)
In Abramson v. Dry Goods Refolding Co. (166 N. Y. S. 771, 773, Lehman, J., the Appellate Term spoke as follows: ‘1 where * * * the employer alleges facts sufficient to show dishonesty and disloyalty on the part of his employee which permeates the employee’s service in its most material and substantial part, the employee cannot recover the agreed compensation; for he has failed essentially to give stipulated consideration for the agreed compensation, and is asking for pay for his own wrongdoing.”
The word “ permeate ” is used in Abramson to describe a default so massive that, for all practical purposes, the master has received no services from the servant. Because it has a temporal overtone, the word might also refer to dishonesty contemporaneous with the services for which the servant seeks payment. This is not a case of the first kind, since defendant had received satisfactory truck driving services from plaintiff for the 14 years before December 15,1967. Nor is it a case of the second kind, since, as stated above, there is no proof that plaintiff had ever been disloyal before December 15,1967, the day he was fired.
In Johnson v. Quayle & Son Corp. (236 App. Div. 351, 352) the Appellate Division pointed out that, while normally an employee retains drawings in excess of commissions earned, “ the rule is different, however, when during the time the drawing account was operative the employee has been guilty of such a breach of the agreement as to disqualify him from earning the advances. In such a case there is an implied duty to repay such advances.” (Italics supplied.)
*446 In Defler Corp. v. Kleeman (19 A D 2d 396, affd. 19 N Y 2d 694), the decision upon which defendant primarily relies, the employees’ dishonesty consisted in a conspiracy to exploit confidential information obtained by them while in plaintiff’s service. The conspiracy became overt on May 14, 1958, when the defendants organized a firm called Carchem Products Corporation. With respect to plaintiff’s demand for reimbursement of compensation paid to defendants, the Appellate Division directed that plaintiff recover for the period “ subsequent to May 14, 1958, the date on which the certificate of incorporation of Carchem was executed.” (P. 404.) Implicitly, then, the Appellate Division limited the extent of the taint to the time of the employees’ dishonesty.
And most recently, in Tepfer & Sons v. Zschaler (25 A D 2d 786, 787), the Appellate Division held that an employer might recover wages paid dishonest employees “ during the period when, still employed by plaintiff, they were engaged ’ ’ in disloyalty. (Italics supplied.)
In short, the cases persuade me that the law of New York does deprive a faithless servant of his right to compensation, but only for the period of his faithlessness. This is as it should be. The broader rule urged by defendant would visit upon the dishonest employee a penalty beyond that provided by our penal statutes and work a forfeiture of whatever wages were already unexceptionably due the employee before the day of his dishonor. I share the courts’ traditional abhorrence of results such as these (cf. Peterson v. Mayer, 46 Minn. 468), and therefore conclude that plaintiff here is entitled to the money he had earned as of December 15, 1967, the day on which, for the first and last time, he was disloyal to defendant.
It goes without saying that an employee who steals from his employer may be civilly liable to the employer for the value of the goods stolen. In this case, however, defendant has neither pleaded a counterclaim against plaintiff nor asked that its affirmative defense be treated as one. I have not been told why defendant fails to take these steps, and, in any event, I decline to do for it what defendant has not seen fit to do for itself.
Plaintiff shall have judgment against defendant for $494.07, with interest from December 15,1967.