495 P.2d 1106

**Jack CLEM, Plaintiff-Appellant,**

**v.**

**BOWMAN LUMBER COMPANY,**
**Defendant-Appellee.**

**No. 774.**

Court of Appeals of New Mexico.

March 24, 1972.

J. Lee Cathey, Carlsbad, for plaintiff-appellant.

Charles N. Glass, Threet, Threet, Glass, King & Maxwell, Albuquerque, for defendant-appellee

## OPINION

WOOD, Chief Judge.

The claim is that defendant wrongfully and fraudulently discharged plaintiff from employment with defendant. The employment was pursuant to a written contract. The trial court determined there was no wrongful discharge. Plaintiff's appeal attacks the sufficiency of the evidence to support certain of the trial court's findings and challenges the conclusions of law based on the findings made. In answering these contentions, we discuss defendant's authority to discharge under a contract provision providing for employment " * * so long as Clem is able to perform satisfactorily to Bowman. * * * "

The trial court found the parties " * * entered into a contract of employment whereby Defendant hired Plaintiff. * * " It concluded: "The relationship between the parties was at all times that of employer and employee." Plaintiff contends the finding, and the conclusion based thereon, is erroneous because the contract was for " * * * the purchase and sale of a * * * plumbing contracting business * * *," and the agreement to hire plaintiff was a part of the purchase and sale.

■ The contract could properly be construed as plaintiff contends. The contention, however, is not material. As a part of this purchase and sale, defendant expressly agreed, in the contract, to hire the plaintiff. Whatever the nature of plaintiff's employment, all of the evidence supports the finding that plaintiff was employed pursuant to the contract. It is the discharge from this employment that is in issue; the purchase and sale provisions are not in issue. As to the wrongful discharge claim, the trial court could properly conclude the relationship was that of employer and employee.

The contract, resulting in plaintiff's employment, is dated June 25, 1969. The trial court found that plaintiff was hired to manage defendant's plumbing department, to train plumbers and act as qualifying licensed plumber for defendant. It also found:

"2. The contract of employment was for a period of ten years, upon condition that Plaintiff perform to the satisfaction of Defendant in the capacity for which he was employed.

"3. From June 25, 1970 through September 19, 1970, Plaintiff performed the duties assigned to him by the Defendant.

"4. On or about September 19, 1970, Plaintiff was orally notified, and on September 25, 1970 was notified in writing of the duties assigned to him by the Defendant.

"5. The duties outlined to the Plaintiff by Defendant were consistent with the nature of the employment of the Plaintiff.

"6. Plaintiff refused to perform the duties assigned to him as employee, and on October 19, 1970, Defendant terminated the employment of Plaintiff, with pay through October 31, 1970."

■ Plaintiff attacks the finding that he was hired as a manager. Although the contract expressly employs him as manager of the plumbing department, plaintiff contends the parties never intended for him to act as manager; that the intent was for plaintiff to act only in an advisory and supervisory capacity. He relies on evidence indicating that prior to September, 1970 he acted only in an advisory and supervisory capacity and asserts this conduct is controlling. See Schultz & Lindsay Construction Co. v. State, 83 N.M. 534, 494 P. 2d 612, 1972. The answer is that in testifying, plaintiff affirmed that he had been hired as a manager. In addition, there is correspondence which affirms his employment as manager, rather than as advisor and supervisor. The finding that plaintiff was employed as a manager is supported by substantial evidence.

The attack on finding 5 is directed to the meaning of "manager." The duties assigned to plaintiff in September, 1970 resulted in the disagreement between the parties. According to plaintiff: "My duties were, as I understood them, were spelled out in my contract and this is a list of things [the September, 1970 assignments] that were completely added to it. * * *" Plaintiff's understanding is incorrect.

■ The contract employed plaintiff: "* * * in the position of a licensed plumber and manager of the plumbing department. Clem shall procure plumbers necessary to assist in the plumbing department and shall train them, and when necessary, shall recommend to the Board of Directors the dismissal of any plumber." Further: "Clem agrees to assist and teach the personnel of Bowman in the identification, use, and sale of plumbing equipment. * * *" On cross-examination, plaintiff testified to the various duties involved in managing his own plumbing business prior to his contract with defendant. The duties assigned to plaintiff in September, 1970 are consistent with the duties plaintiff contracted to perform and are consistent with duties performed by plaintiff when he managed his own business.

Because the September, 1970 duties had not been specifically assigned prior to that date, plaintiff contends the September, 1970 assignments were new duties that changed the contract. These duties may have been "new" in that defendant had not called on plaintiff to perform them prior to September, 1970, but there is evidence that these "new" duties were those that plaintiff contracted to perform. Substantial evidence supports finding 5.

Finding 6 is also supported by substantial evidence. The record clearly establishes that plaintiff refused to perform the duties assigned in September, 1970.

From the findings set forth above, the trial court concluded:

"The refusal of Plaintiff to assume the duties of his employment constituted a voluntary abandonment of his employment, and was adequate grounds for his discharge."

It also concluded:

"The evidence fails to establish any tortious conduct by the Defendant."

Plaintiff asserts these conclusions could not properly be drawn from the findings made by the trial court because his discharge was fraudulent. Specifically, he claims defendant wanted to dispense with plaintiff's services and accomplished that desire by assigning the duties of September, 1970 so that plaintiff would refuse to perform them. Although requested to do so, the trial court specifically refused to find the discharge was fraudulent. It could properly take this action under the evidence.

Plaintiff also seems to assert that the conclusions are improper because his discharge was not in good faith. This argument concerns the terms of his employment. He was employed, at a monthly salary, "* * * for ten years, so long as Clem is able to perform satisfactorily to Bowman in the position of a licensed plumber and manager of the plumbing department. * * *"

■ Plaintiff contracted "to perform satisfactorily to Bowman." We are to enforce the contract made by the parties. American Inst. of Mktg. Sys., Inc. v. Don Rhoades Corp., 82 N.M. 659, 486 P.2d 68 (1971), cert. denied, 404 U.S. 882, 92 S.Ct. 210, 30 L.Ed.2d 163 (1971). Atma v. Munoz, 48 N.M. 114, 146 P.2d 631 (1944) states: "* * * a promise by one party to a contract to perform on his part to the satisfaction of the other party is binding; but the dissatisfaction must be real and in good faith. * * *"

Corgan v. George F. Lee Coal Co., 218 Pa. 386, 67 A. 655 (1907) states:

"The contract of employment was for a definite term, provided the duties of the employment were satisfactorily performed; and the only reasonable inference from the language used is that

the services were to be satisfactory to the management of the employer, the defendant company. Under such a contract it is well settled that the employer 'has the absolute right, whenever he becomes in good faith dissatisfied with the services of the employé, to discharge him; and it has been held immaterial in such a case that in fact no valid grounds for discharge exist. Under a contract of this character the dissatisfaction of the master must be genuine.' * * * "

See Mackenzie v. Minis, 132 Ga. 323, 63 S.E. 900 (1909); Schmand v. Jandorf, 175 Mich. 88, 140 N.W. 996 (1913).

■ If in good faith, defendant was dissatisfied with plaintiff's performance, there was adequate ground for plaintiff's discharge. The findings negate plaintiff's claim that his discharge was not in good faith. The trial court found that defendant terminated the employment after plaintiff refused to perform the duties assigned to him. The trial court's conclusions—of adequate grounds for plaintiff's discharge and a failure of the evidence to establish any tortious conduct on defendant's part—could properly be drawn from the findings made.

■ In presenting this appeal, plaintiff has viewed the evidence in the light most favorable to his contentions. We cannot follow that approach because we are to view the evidence in the light most favorable to the findings made by the trial court. Petritsis v. Simpier, 82 N.M. 4, 474 P.2d 490 (1970).

■■ Further, plaintiff has consistently argued that the trial court erred in failing to adopt his requested findings. Most of his requests go to evidentiary matters rather than ultimate facts and could be properly refused on that ground. Alvillar v. Hatfield, 82 N.M. 565, 484 P.2d 1275 (Ct.App.1971). In addition, it is not error to refuse requested findings which are contrary to findings made, when those findings are supported by substantial evidence. Moore v. Bean, 82 N.M. 189, 477 P.2d 823 (1970). That is the situation here.

The judgment dismissing plaintiff's complaint is affirmed.

It is so ordered.

SUTIN and COWAN, JJ., concur.