510 P.2d 112

**Gilbert FIERRO, Plaintiff-Appellee,**

v.

**Hamilton L. MURPHY et al., Defendants-Appellants.**

**No. 1077.**

Court of Appeals of New Mexico.

April 27, 1973.

Juan G. Burciaga, Ussery, Burciaga & Parrish, Albuquerque, for defendants-appellants.

William J. Heck, Hobbs, for plaintiff-appellee.

## OPINION

WOOD, Chief Judge.

The issue in this automobile accident case is the sufficiency of the evidence to support the trial court's findings as to: (1) decedent's negligence as the proximate cause of the accident and (2) plaintiff's contributory negligence.

■ Additional issues are asserted but these are simply alternative statements of the evidentiary issue. It is claimed that the trial court erred in refusing certain requested findings. It is not error to refuse requested findings which are contrary to the findings made if the findings made are supported by substantial evidence. Clem v. Bowman Lumber Co., 83 N.M. 659, 495 P. 2d 1106 (Ct.App.1972).

■ It is claimed that the record does not support the trial court's conclusions of law on the question of liability. A trial court's conclusion as to liability must be supported by one or more findings of fact. Langdon v. Jaramillo, 80 N.M. 255, 454 P. 2d 269 (1969). In this case, the conclusion as to liability is based on findings of the trial court.

■ It is claimed that the trial court erred in not granting a defense motion, either to non-suit the plaintiff or enter judgment for defendants on the basis that plaintiff failed in his burden of proof. If there is substantial evidence to support the findings made, it was not error to deny the motion. See Lea County Fair Ass'n v. Elkan, 52 N.M. 250, 197 P.2d 228 (1948).

Thus, all the contentions raise but one issue—the sufficiency of the evidence.

■ The car in which plaintiff was a passenger struck the rear of the car driven by Katherine Muse. Plaintiff sued the captioned defendants for injuries resulting from the accident. The judgment in favor of plaintiff is against Sims, as administrator of the estate of Katherine Muse, deceased. Hancock and the administrator appeal. There being no judgment against Hancock and nothing indicating Hancock is an aggrieved party [see § 21–2–1(5)(1), N.M.S.A.1953 (Repl. Vol. 4)], we do not consider Hancock's appeal.

The administrator's appeal sets forth selected portions of the evidence which tend to support his position. He does not set forth all the evidence bearing on the evidentiary question. However, plaintiff has called our attention to additional evidence. Section 21–2–1(15)(6), N.M.S.A.1953 (Repl. Vol. 4).

■ In light of the evidence brought to our attention by plaintiff, the administrator's challenge to the sufficiency of the evidence appears as a challenge to the credibility of the witnesses. It is the function of the fact finder to weigh the evidence and decide on the credibility of witnesses. Aetna Casualty & Surety Co. v. Woolley, 83 N.M. 397, 492 P.2d 1260 (Ct.App.1972).

■ This court neither weighs the evidence nor passes on the credibility of witnesses. This court "* * * views the evidence in its most favorable light in support of the trial court's findings. * * *" Platero v. Jones, 83 N.M. 261, 490 P.2d 1234 (Ct.App.1971); see Martinez v. Trujillo, 81 N.M. 382, 467 P.2d 398 (1970).

*Decedent's negligence as the proximate cause.*

■ There is evidence that decedent, at night, either stopped, or moving very slowly, was attempting a left turn from the lane of travel of the car in which plaintiff was a passenger without giving any turn signal. See § 64–18–24, N.M.S.A.1953 (2d Repl. Vol. 9, pt. 2). There is evidence that the driver of the car in which plaintiff was riding applied his brakes and left 67 feet of skid marks prior to the collision. There is evidence that the accident happened so quickly that the driver of plain-

tiff's car was unable to take successful evasive action. This evidence substantially supports the finding that decedent was negligent and that this negligence was the proximate and sole cause of the accident.

### Plaintiff's contributory negligence.

There is evidence that plaintiff, the passenger, had consumed six beers in a six and one-half hour period prior to the accident. Compare Lopez v. Maes, 81 N.M. 693, 472 P.2d 658 (Ct.App.1970). A witness who helped plaintiff from the car stated: " 'I could not smell any liquor on the man.' " There is evidence that Martinez, the driver of the car in which plaintiff was a passenger, was driving in a proper manner; that after 67 feet of skid marks the car's speed was 50 miles per hour; that plaintiff had nothing to do with the control or operation of the car; that nothing in Martinez' operation of the car gave plaintiff any concern.

The foregoing evidence, together with the evidence referred to in discussing decedent's negligence, substantially supports findings: (a) that the beer which plaintiff imbibed was not sufficient to charge plaintiff with negligence " * * * which in any way proximately contributed to cause the accident;" (b) that plaintiff was not contributorily negligent in failing to admonish Martinez regarding speed, lookout or control; and (c) that there was no negligence on plaintiff's part which proximately contributed to cause the accident. See Trujillo v. Chavez, 76 N.M. 703, 417 P.2d 893 (1966); Schall v. Mondragon, 74 N.M. 348, 393 P.2d 457 (1964); Ford v. Etheridge, 71 N.M. 204, 377 P.2d 386 (1962); Paddock v. Schuelke, 81 N.M. 759, 473 P.2d 373 (Ct.App.1970).

The judgment against the administrator is affirmed.

It is so ordered.

HENDLEY and LOPEZ, JJ., concur.