533 P.2d 759

**Roy WOODS, Plaintiff-Appellee,**

v.

**James B. COLLINS and Tony Hatfield,
Defendants-Appellants.**

**No. 1303.**

Court of Appeals of New Mexico.

Feb. 5, 1975.

Certiorari Denied March 11, 1975.

Marshall G. Martin, Poole, Tinnin, Danfelser & Martin, Bruce Keith, Albuquerque, for defendants-appellants.

Tandy L. Hunt, Turpen, Hunt & Booth, Albuquerque, for plaintiff-appellee.

## OPINION

LOPEZ, Judge.

Plaintiff-employee (Woods) brought suit to recover for breach of his employment contract. Defendant-employers (partnership) counterclaimed for conversion of funds and for defamation. The trial court awarded Woods $2,381.18 plus interest and costs, less a set-off of $560.00 in favor of the partnership.

We affirm.

In January, 1970, Woods entered into a written contract of employment with the partnership to serve as general manager of two food establishments in Albuquerque. The first establishment opened in late February and the second opened one month later. The contract provided that Woods would receive a fixed salary, an automobile allowance, and a bonus of one percent (1%) of the gross sales. The term of the contract was one year and it had no provision for prior termination.

Subsequently, the partnership opened a third Albuquerque store and Woods assumed supervision of it, as well. Woods sought modification of his written contract, asking that he be compensated for managing the third establishment and that sales from it be included in calculating his annual bonus. Woods alleged that he was promised an increase in salary which would commence at some time after the expiration of the first year's employment. He also alleges that he was promised that sales from the third establishment would be included in calculating the bonus.

The trial court found that the agreed upon bonus was not paid by the partnership when due, that the bonus became due to Woods at the end of the contract year, that Woods made proper demands for the bonus in the usual manner and at the usual place for payment, that the partnership did not offer to pay Woods any of his bonus at any time after the bonus became due, and that the partnership refused to pay the bonus after proper demand. The court further found that Woods met all the conditions precedent owing on his part, that his salary and car allowance were paid by the partnership under the terms of the employment contract, that the partnership breached the employment contract in failing to pay the agreed upon bonus before there was any known problem with Woods' performance of the contract, that the partnership did not become aware of the $560.00 shortage caused by Woods until after his termination of employment, and that this discovery was not a factor in Woods' termination.

The court concluded that the partnership breached the contract by failing to pay the bonus agreed upon in the contract, that Woods is entitled to recover his bonus under the contract, and that this recovery is subject to a set-off of $560.00 representing an amount which Woods converted to his own use without the expressed permission of the defendant.

The partnership appeals alleging that Woods' conversion of $560.00 from his employers bars the recovery of any bonus compensation otherwise due.

The partnership contends that Woods embezzled its funds. Its brief states:

"For purposes of this appeal, Appellants do not dispute that Woods' bonus would have been payable but for his embezzlement of funds from cash registers under his control."

This is a new development. The partnership's fifth defense and first counterclaim alleged that Woods converted funds to his own use without authorization. The partnership's requested findings of fact also claimed conversion. We find no contention in the record that Woods embezzled the funds.

■ Defenses raised for the first time on appeal cannot be relied upon to reverse the judgment. Romero v. Sanchez, 83 N.M. 358, 492 P.2d 140 (1971); Western Farm Bureau Mutual Ins. Co. v. Barela, 79 N.M. 149, 441 P.2d 47 (1968).

■ Simple conversion is not embezzlement. State v. Prince, 52 N.M. 15, 189 P.2d 993 (1948); compare State v. Moss, 83 N.M. 42, 487 P.2d 1347 (Ct.App.1971).

The partnership contends that Woods is not entitled to recover because he breached an implied duty to render honest and loyal service. This is known as the "faithless servant" doctrine. Turner v. Kouwenhoven, 100 N.Y. 115, 2 N.E. 637 (1885).

This doctrine has never been adopted as the law in New Mexico and has been substantially restricted by the New York courts. See Herman v. Branch Motor Express Co., Inc., 67 Misc.2d 444, 323 N.Y.S. 2d 794 (1971).

■ The rule in conversion in New Mexico is given in Crosby v. Basin Motor Co., 83 N.M. 77, 488 P.2d 127 (Ct.App. 1971):

"The measure of damages, in conversion, is the value of the property at the time of conversion with interest. * * *"

■■ It is the function of the courts to interpret and enforce a contract as made

by the parties. See Hopper v. Reynolds, 81 N.M. 255, 466 P.2d 101 (1970). The primary objective in construing a contract is to ascertain the intent of the parties. Schultz & Lindsay Construction Co. v. State, 83 N.M. 534, 494 P.2d 612 (1972).

In the case at bar there was no intention of the parties to apply a forfeiture of the bonus payable to Woods. The partnership asks this court to go beyond the intention of the parties to apply the "faithless servant" rule. We conclude that to apply this doctrine would be not only inequitable and unjustified in this case but also a radical departure from the applicable law of contracts in this state.

■ We think that the trial court was correct in enforcing the contract between the parties without applying the "faithless servant" doctrine. See Clem v. Bowman Lumber Company, 83 N.M. 659, 495 P.2d 1106 (Ct.App.1972).

There is substantial evidence in the record to support the findings and conclusions of the trial court. State ex rel. Reynolds v. Lewis, 84 N.M. 768, 508 P.2d 577 (1973). We, therefore, conclude that the court below committed no error and that the judgment of the trial court is hereby affirmed.

It is so ordered.

SUTIN, J., concurs.

HERNANDEZ, J., dissenting.

HERNANDEZ, Judge (dissenting).

I respectfully dissent. In my opinion it is timely that we adopt the "faithless servant" doctrine in light of the very high and growing incidence of embezzlement and other like crimes.

Before discussing the doctrine and its applicability to this situation, it is necessary to answer the following statement made in the majority opinion: "We find no contention in the record that Woods embezzled the funds." However, they acknowledge that: "The partnership's fifth defense and first counterclaim alleged that

Woods converted funds to his own use without authorization." They also acknowledge that: "The partnership's requested findings of fact also claimed conversion." Section 40A–16–7, N.M.S.A. 1953 (2d Repl. Vol. 6) defines embezzlement as follows: "Embezzlement consists of the embezzling or converting to his own use of anything of value, with which he has been entrusted, with fraudulent intent to deprive the owner thereof." Our Supreme Court in State v. Prince, supra, stated that: "The essential elements of the offense of embezzlement are: (a) That the property belonged to some one other than the accused. (b) That the accused occupied a designated fiduciary relationship and that the property came into his possession by reason of his employment or office. (c) That there was a fraudulent intent to deprive the owner of his property." I would also point out that the trial court made the following uncontested finding:

"13. That during the last four months of Woods' employment with Fish and Chips, and partially pursuant to a scheme between Woods and another employee, Woods removed from the Fish and Chips cash register, without authorization, an average of $35.00 per week which he converted to his own use. During this period Woods illegally took from his employers a total of $560.00."

Further, the court concluded:

"11. That plaintiffs [sic] recovery of bonus' [sic] shall be subject to a set off of $560.00 representing an amount which plaintiff converted to his own use without the expressed permission of the defendant. * * *"

The trial court also found:

"14. That during the entire period of his employment with Fish and Chips, Woods had uncontrolled and unsupervised access to the cash register and inventory of Fish and Chips, because of his position as Albuquerque Operations Manager."

There is no doubt in my mind that Woods' conversion of the Partnership funds constituted embezzlement.

Some of the earliest and most complete statements of the "faithless servant" doctrine can be found in the decisions of the appellate courts of the State of New York:

"Faithfulness and integrity are implied parts of every servants' contract, and a breach of such implied part of the entire contract is as disasterous to the plaintiff as the breach of an expressed condition * * *. Flagrant acts of dishonesty or crime which seriously affect the master's interest, continued during the service, might well be regarded as a bar to the recovery of wages, although the amount received and fraudulently appropriated might be far less than the amount fixed by the contract. * * *" Turner v. Kouwenhoven, 100 N.Y. 115, 2 N.E. 637 (1885).

"It appears to be the settled law that where the dishonesty of a servant is of such character as to justify the conclusion that his contract of service has been violated by reason of misconduct and disloyalty which substantially affect the contract of employment, then there may be no recovery for such service." [Citations Omitted] Sundland v. Korfund Co., 260 App.Div. 80, 20 N.Y.S.2d 819 (1940).

"In short, the cases persuade me that the law of New York does deprive a faithless servant of his right to compensation, but only during the period of his faithlessness. This is as it should be. The broader rule urged by defendant [that employee dishonesty operates as a forfeiture of all compensation] would visit upon the dishonest employee a penalty beyond that provided by our penal statutes and work a forfeiture of whatever wages were already unexceptionably due the employee before the day of dishoner. I share the court's traditional abhorrence of results such as these * * *" Herman v. Branch Motor Express, 67 Misc. 2d 444, 323 N.Y.S.2d 794 (1971).

Woods' arguments for not applying the doctrine here are sevenfold: (1) That the trial court's finding No. 13 is not supported by substantial evidence. I understand Woods to mean by this that proof of breach of the implied condition of faithfulness is missing. It is noteworthy, however, that Woods did not cross-appeal that part of the judgment awarding the Partnership $560.00; (2) that the trial court properly applied the law of conversion in granting the Partnership judgment in the sum of $560.00. He points out that finding No. 13 mentions conversion but does not mention theft, embezzlement, actual or constructive fraud. Woods thus asserts that the act of converting $560.00 does not constitute a breach of the implied condition of faithfulness; (3) that the Partnership did not allege or prove fraud. I assume that he means that fraud is the only thing that can constitute an act of faithlessness; (4) that the Partnership failed to properly challenge the trial court's findings and is therefore bound by them; (5) that New Mexico law does not favor or permit forfeitures; (6) that in order to adopt this doctrine, we would have to imply conditions; and, that if we do, we would not be enforcing the contract as written by the parties; and, (7) Woods cites the case of Kiker v. Bank Sav. Life Ins. Co., 37 N.M. 346, 23 P.2d 366 (1933), for the proposition that the parties must set forth grounds for termination, notice of termination, or forfeiture in their contract; and that absent any such express terms or conditions, the court will not imply them.

Woods' arguments group themselves into the following categories. First, arguments (2), (3), (6) and (7), may be summarized to assert that a duty of faithfulness may not be implied where the written contract of employment is not explicit as to such duty on its face; and further, that "fraud" is the only possible ground upon which breach of such a duty may be found. By adopting the doctrine, as I believe we should, the duty of faithfulness would be implicit in all employment contracts.

Woods' contention that fraud is the only ground upon which breach of the duty of faithfulness may be found is without support. As I read the cases, the implied duty of faithfulness can be breached by a wide variety of acts including embezzlement.

"Indeed, if there is any case of non-performance of an entire contract which should prevent a recovery, it is where a servant has been habitually embezzling his master's money which came into his hands in the course of his employment; for, in such cases, not only is the breach the result of positive dishonesty, but it goes to the very root of the subject-matter of the contract of service. * * *" Peterson v. Mayer, 46 Minn. 468, 49 N.W. 245, 13 L.R.A. 72 (1891). See 56 C.J.S. Master and Servant § 105.

Argument (1) challenges the substantiality of the evidence supporting the trial court's finding No. 13. The record amply supports this finding. Furthermore, Woods admitted taking cigarette change out of the cash register infrequently while on duty; but stated that he always reimbursed the register at going off duty for any change he borrowed. There is also direct testimony from Woods' co-workers that he frequently directed them to under ring sales for no apparent reason. Mr. Barnes, who succeeded Woods as manager, testified unequivocally that Woods had enlisted him to cover and participate in Woods' scheme to create a surplus of cash in the registers and to split such surpluses between themselves. See Bessman v. Bessman, 214 Kan. 510, 520 P.2d 1210 (1974).

As to Woods' argument (4), that the Partnership failed to challenge the trial court's findings, particularly the finding that Woods had performed all conditions precedent owing by him for entitlement to the bonus compensation, and is therefore bound by them, I disagree. The answer to this argument is factual. The Partnership did challenge the trial court's finding No. 6, by filing their requested findings Nos. 6 and 7.

Woods' argument (5), that New Mexico law does not favor or permit forfeitures, is only partially correct. Forfeitures, although not favored, are clearly permitted. See Section 75–5–26, N.M.S.A.1953 (Vol. 11, pt. 2), and Section 50–6–18, N.M.S.A. 1953 (Vol. 8, pt. 1). Moreover, I believe that this is a situation where any general disfavor should yield to the more important public interest of detering crime.

Applying the principles of the faithless servant doctrine to the pertinent facts as found by the trial court, it may be said that: (1) Woods was an employee of the Partnership; (2) he embezzled $560.00 from the Partnership; (3) the embezzlement occurred during the last four months of Woods' employment with the Partnership.

I, therefore, would hold that Woods was not entitled to any salary, car allowance or bonus compensation for the last four months of his employment. Accordingly, Woods should have been required to reimburse the Partnership for salary compensation paid to him from November, 1970, through February 15, 1971, and for car allowance paid to him for the months of November and December, 1970, through January 26, 1971, at $100.00 per month plus interest thereon.