726 P.2d 1378

**Peter DECHERT, Plaintiff-Appellant,**

v.

**ALLSUP'S CONVENIENCE STORES, INC., Defendant-Appellee.**

**No. 16269.**

Supreme Court of New Mexico.

Oct. 28, 1986.

Fletcher R. Catron, Catron, Catron & Sawtell, P.A., Santa Fe, for plaintiff-appellant.

Michael W. Brennan, Terri A. Mazur, Montgomery & Andrews, P.A., Santa Fe, for defendant-appellee.

## OPINION

WALTERS, Justice.

Plaintiff Peter Dechert entered into a written agreement with defendant Allsup's Convenience Stores, Inc. to sell Dechert's liquor license to Allsup's.

At the time the agreement to sell and purchase the liquor license was executed, Dechert also signed a "Commission Agreement" which "employ[ed] Agents [Haworth & Stutts, Inc., Realtors, and the Santa Fe Agency] to represent and negotiate the sale of the above-mentioned liquor license." That agreement was signed by Hil Davidson and Jerry Hamm of Haworth & Stutts, Tom Keesing of the Santa Fe Agency, and by Peter and Phoebe Dechert.

Jerry Hamm, prior to the execution of both the purchase agreement and the commission agreement, had done most of the negotiating in effecting the proposed sale of the license. Thereafter, in accordance with the purchase and commission agreements, Hamm appeared before the New Mexico State Alcohol Beverage Control Department (ABCD) seeking approval of the transfer of the license from Dechert to Allsup's, and to obtain approval of transfer to the new location at Rodeo Plaza in Santa Fe.

ABCD, however, required evidence of an executed lease between Allsup's and the owner of Rodeo Plaza demonstrating that Allsup's had acquired a leasehold interest in the property to which the license was to be transferred before ABCD would approve the location. Hamm, having been told by the Rodeo Plaza owner that the lease had been signed by him, represented that fact (later learned to be erroneous) to ABCD. ABCD granted temporary approval and then referred the matter to the City of Santa Fe for consideration.

At a public hearing before the city officials, local residents voiced opposition to a liquor-selling convenience store at Rodeo Plaza, and the Plaza owner, learning of the opposition, announced that he had in fact never signed the lease with Allsup's and that he had no intention of doing so.

ABCD then withdrew its preliminary approval of the transfer of the license to Rodeo Plaza because of Allsup's inability to show a property interest in that location. Allsup's thereupon declared its obligations under the purchase agreement terminated and demanded the return of $37,500 which had been placed in escrow.

Dechert filed suit alleging Allsup's breach of contract. Allsup's moved for summary judgment, which the trial court granted. Dechert appeals.

"In a contract, a condition precedent is a condition or right which must be met before the contract is formed." *Elephant Butte Resort Marina, Inc. v. Wooldridge*, 102 N.M. 286, 289, 694 P.2d 1351, 1354 (1985). Both parties agree that the purchase agreement contains a condition precedent in Paragraph 8, which provides:

GOVERNMENTAL APPROVAL: This Agreement is subject to approval by all appropriate governmental agencies and authorities regarding transfers of liquor licenses and specifically the New Mexico State Alcohol Beverage Control Department ("ABCD") and in the event that transfer of ownership of Liquor License Number 1216 as herein provided is not approved, this contract shall become null and void, and all monies paid shall immediately be returned to Purchaser.

Seller shall obtain ABCD approval of the transfer of ownership and location of the Liquor License to Purchaser by no later than July 15, 1982.... If Seller has not obtained ABCD approval of ownership by such date, Purchaser ... may ... terminate its obligation to purchase such Liquor License and obtain a refund of all monies paid to escrow agent by Purchaser....

Allsup's asserts that ABCD's failure to grant approval of the transfer of ownership and location of the liquor license relieved Allsup's of any liability under the contract. In opposition, Dechert argues that the contract did not state specifically that the liquor license was intended to be transferred to Rodeo Plaza, and that, because of the unambiguous language of the

contract and the existence of an integration clause, no parol evidence should be allowed to prove Rodeo Plaza was to be the transferred location. It is Dechert's position that Allsup's had an obligation to elect an alternate location which would have been approved by the ABCD; consequently, that its failure to do so made it impossible for Dechert to fulfill the condition precedent.

A reviewing court will enforce the contract as made by the parties. *Schultz & Lindsay Const. Co. v. State of New Mexico,* 83 N.M. 534, 494 P.2d 612 (1972); *Woods v. Collins,* 87 N.M. 370, 533 P.2d 759 (Ct.App.), *cert. denied,* 87 N.M. 369, 533 P.2d 758 (1975); *Clem v. Bowman Lumber Co.,* 83 N.M. 659, 495 P.2d 1106 (Ct.App.1972).

Paragraph 8 of the Dechert-Allsup's agreement explicitly provides that the "[s]eller [Dechert] shall obtain ABCD approval of the transfer of *ownership and location* of the Liquor License to Purchaser...." (Emphasis added.) The language of the contract is clear. The parties did not contract to require Allsup's, in the event a preferred location was rejected, to designate alternate locations until approval of ABCD was able to be obtained. To construe the contract in such a manner would frustrate any business judgment regarding a suitable, profitable location, and would contravene the well-settled rule that a reasonable interpretation of a contract is favored. *Smith v. Tinley,* 100 N.M. 663, 674 P.2d 1123 (1984).

Dechert cites *Bogle v. Potter,* 72 N.M. 99, 380 P.2d 839 (1963); *Gibbs v. Whelan,* 56 N.M. 38, 239 P.2d 727 (1952); and *Foster v. Colorado Radio Corp.,* 381 F.2d 222 (10th Cir.1967), to argue that since Allsup's made fulfillment of the condition precedent impossible by failing to designate an approvable location, it may not avoid liability under the contract. As a general proposition, Dechert is correct that one may not create an impossibility-of-performance situation and then rely upon it to claim non-liability. That principle, however, is inapplicable in the present case.

The cases cited by Dechert all concerned intentional prevention of performance of the condition. Here, ABCD approval was predicated upon Allsup's acquiring a leasehold interest at its selected location. Allsup's made a good faith effort to obtain that interest. It signed the Rodeo Plaza lease and returned it to the owner for his signature but, through no fault of Allsup's, the owner declined to sign the lease. Certainly, it cannot be said that Allsup's intentionally made performance of the condition precedent impossible with respect to the desired location. The purchase and sale agreement did not bind Allsup's to search until an approved location could be found, and it expressly gave Allsup's the option "at any time after July 15, 1982" to "terminate its obligation to purchase ... and obtain a refund of all monies paid to escrow agent" if the *seller* had not obtained ABCD approval of the transfer by that date.

When an agreement is subject to approval of the third party and that approval is not given, the agreement is not binding. *Wyrsch v. Milke,* 92 N.M. 217, 585 P.2d 1098 (Ct.App.1978). ABCD's rejection of approval for the transfer of ownership and location of the liquor license constituted failure of approval as a condition precedent; consequently, Allsup's is not liable either for the failure of the condition precedent or for breach of contract. *Elephant Butte Resort Marina, Inc. v. Wooldridge.*

Of course, since this was a summary judgment, portions of the depositions of the parties and attached affidavits were properly considered by the trial court for whatever purpose they served to show an absence of disputed material facts. Whether Dechert knew of the proposed location or not at the time of signing the agreements, is not material. The contract itself imposed no obligation on Allsup's to select an approval site; it required only that the proposed new owner and proposed new location be approved by ABCD. That dual approval was not obtained. As a matter of law, the contract was not complete. *Wyrsch.* There is no relevant parol evidence issue to consider.

We AFFIRM the trial court's grant of summary judgment.

SOSA, Sr.J., and STOWERS, J., concur.