BARKDULL, Judge.
This is an appeal and a cross appeal. After an original action by a real estate salesman was commenced to recover commissions, it was met by a counterclaim by the salesman’s broker to recover damages for alleged breach of a fiduciary duty. The matter went to a jury. A verdict in favor of the salesman was rendered in part on his complaint, and in favor of the broker in part on its counterclaim. The trial court adjusted the verdicts and entered a net judgment in favor of the broker. Both the parties appeal.
*230 The principal question to be determined is whether a real estate salesman who is guilty of breach of a fiduciary duty to his principal, is required to suffer a loss, not only for monies earned under a fraudulent transaction, but also is required to lose all commissions that were earned between the date of the fraud and the date of discharge in unrelated real estate transactions, plus the loss of all sums paid between the date of the fraud and the discharge, advanced to him by the principal as general salary and expenses. The trial court limited the recovery by the principal to the sums earned, if any, as a result of the fraudulent transactions and the sums advanced between the date of the fraudulent conduct and the date of discharge, which could not be fairly apportioned between the fraudulent and the unrelated transactions. He allowed the agent to collect his commission on the unrelated transactions with third persons subsequent to the fiduciary breach and discharge. Finding the trial court’s interpretation of the law appropriate, we affirm the final judgment as entered by the trial court. Bessman v. Bessman, 214 Kan. 510, 520 P.2d 1210 (Kan.1974); Herman v. Branch Motor Express Co., Inc., 67 Misc. 2d 444, 323 N.Y.S.2d 794 (Cir.Ct. 9 N.Y. 1971); Harry R. Defler Corporation v. Kleeman, 19 A.D.2d 396, 243 N.Y.S.2d 930 (S.Ct.App.Div. 4th Dept.1963). We also find no merit in the other points urged by the parties for reversal. Buchman v. Seaboard Coast Line Railroad Company, 381 So.2d 229 (Fla.1980); Rose v. Peters, 82 So.2d 585 (Fla.1955); Williams v. Sauls, 151 Fla. 270, 9 So.2d 369 (1942); Kingswharf Ltd. v. Kranz, 545 So.2d 276 (Fla. 3d DCA 1989); Sundale Associates, Ltd. v. Southeast Bank, 471 So.2d 100 (Fla. 3d DCA 1985); Dale v. Ford Motor Company, 409 So.2d 232 (Fla. 1st DCA 1982); Auletta v. Fried, 388 So.2d 1067 (Fla. 4th DCA 1980).
The final judgment under review is affirmed.
Affirmed.