Merrimack,
No. 4886.

AMERICAN FIDELITY COMPANY

*v.*

GEORGES SCHEMEL & a.

Argued December 6, 1960.

Decided March 7, 1961.

*Wiggin, Nourie, Sundeen, Nassikas & Pingree* and *Dort S. Bigg* (*Mr. Bigg* orally), for the plaintiff.

*Upton, Sanders & Upton* (*Mr. Gilbert Upton* orally), for defendants Georges and Elizabeth Schemel.

*Orr & Reno* and *Henry T. Dunker* (*Mr. Dunker* orally), for defendants Jeffery and Samuel R. Lowery.

LAMPRON, J. Condition 8 of the policy issued by the plaintiff to defendant Schemel provided that "When an accident occurs written notice shall be given by or on behalf of the insured to the company or any of its authorized agents as soon as practicable." Such a policy requirement "is commonly considered to require notice as soon as is reasonably possible under the circumstances of the case." *American Employers Ins. Co.* v. *Sterling*, 101 N. H. 434, 437. Whether this requirement has been satisfied is ordinarily a question of fact (*Farm Bureau Ins. Co.* v. *Manson*, 94 N. H. 389, 394) but under certain circumstances it can become one of law. *American Employers Ins. Co.* v. *Sterling, supra.*

The Trial Court has found that the failure of plaintiff's agents

to follow the general custom among agents to go through the policy with the purchaser at the time of sale and on July 1, 1958 when Yudickey, plaintiff's agent, was told that an accident had occurred, together "with the availability of witnesses to the accident, the doctors being available, and the fact that a settlement could not have been made within the policy limits, constitute the extenuating circumstances which should excuse the insured's failure to give" the required notice.

Plaintiff properly takes the position that its liability under the policy is conditional on the insured's performance of his obligation under the contract in this respect. It maintains that the practical effect of the Trial Court's decision is to materially increase Schemel's substantive rights under the insurance contract by virtue of a custom of which he had no knowledge at the time he entered said contract. The plaintiff further contends that in any event failure to comply with said custom would not constitute, as a matter of law, an extenuating circumstance excusing Schemel's failure to comply with the policy condition as to notice.

The accident to Jeffery P. Lowery took place on June 15, 1957 on the Schemel premises known as Cascade Park. Schemel was at the entrance to the park at that time. Notified of the happening, he went to the scene and saw the injured boy on the beach of the river which flows through the property and is part of the park. He knew an ambulance took the victim away and when he saw Dr. Eberhart afterwards and inquired about the boy he was told that he was badly hurt.

There is no doubt on the evidence that Schemel knew on the day of the accident that a boy had been hurt on the premises and was taken in an ambulance to a hospital. The record is also clear that on that day or shortly thereafter Schemel knew the name and address of the victim and that he was badly injured. He also knew people who were present in the park at the time of the accident. Thus Schemel then had sufficient information to give the plaintiff the notice of accident required by the policy to be given "as soon as practicable" and which is to contain "particulars sufficient to identify the insured and also reasonably obtainable information respecting the time, place and circumstances of the accident, the names and addresses of the injured and of available witnesses."

Nevertheless Schemel never filed a written report of the accident. Yudickey, an agent of plaintiff, testified that on July 1, 1958, when he was inspecting Cascade Park at Schemel's request for another

purpose, the latter said to him as they were approaching the swimming pool "An accident happened here a year ago" without mentioning "any names or anything." "I just listened. It was more or less a casual conversation, and that is where it stopped." On November 10, 1958 Schemel sent to said Yudickey, with an accompanying letter, the letter of claim for damages received by him from Orr and Reno attorneys for the Lowerys. For the purpose of determining the issues presented, we assume, without so deciding, that the conversation which took place between Schemel and Yudickey on July 1, 1958 was notice to the plaintiff of the happening of this accident.

The reasons advanced by Schemel to excuse this delay of one year and fifteen days in notifying the plaintiff are in substance the following. He did not know that by a clause contained in these policies his insurance against liability was upon the condition that he give notice of any accident resulting in personal injury to the insurance company, or its authorized agent, as soon as practicable. He understood that liability insurance would provide him with "protection" if he had "done something wrong." The plaintiff's agents in selling him liability insurance ought reasonably to have informed him in accordance with the general custom that the liability policy contained such a condition. Finally the plaintiff has suffered no prejudice as a result of Schemel's delay in giving notice.

The law is well established that in the absence of fraud by the company or its agents, of which there is no proof in this case, the insured is presumed to have had knowledge of the conditions imposed in the policy. *Malloy* v. *Head,* 90 N. H. 58, 60; *Fitch Company* v. *Insurance Company,* 99 N. H. 1. The insured's incapacity to read English would not excuse him from the obligation to ascertain what the provisions of his policy were. *Lauze* v. *Insurance Co.,* 74 N. H. 334, 338. In this connection the Trial Court has found that Schemel can read, write and typewrite in the English language and has been able to do so for at least ten years and was fully able to read the terms and conditions of the insurance policy. Schemel's erroneous belief that contrary to its terms, the policy protected him if he was at fault and that "the insurance would take care of that" without a notice of accident would not excuse his nonperformance of the policy condition requiring that notice of an accident be given by the insured to the company "as soon as practicable."

We consider next the contention that plaintiff's agents in selling Schemel liability insurance ought reasonably to have informed him in accordance with the general custom that the liability policy contained a condition as to the giving of notice of an accident. Schemel knew nothing about this custom and consequently did not rely on it. This case differs from the cases like *Brunel* v. *Association*, 95 N. H. 391, cited by Schemel where the plaintiffs relied completely on the defendant's performance of a certain undertaking. Furthermore there was no evidence that Schemel's misconception of the policy provision as to notice was the result of incorrect or misleading statements or acts of the insurance company. 3 Pomeroy, Equity Jurisprudence (5th *ed.*), *s.* 847, *p.* 304. We hold therefore that the fact that plaintiff's agents did not go over the policy with the insured is insufficient, as a matter of law, to constitute an extenuating circumstance excusing Schemel's failure to comply with the policy requirements as to notice. *American Employers Ins. Co.* v. *Sterling*, 101 N. H. 434, 437.

There being no extenuating circumstances justifying a delay of at least one year and fifteen days, we hold that there was no evidence to support a finding that the notice was given as soon as practicable as required by the policy. It follows that the plaintiff is not required to defend under the policy nor to indemnify the insured for any judgment obtained by the Lowerys. The findings of the Trial Court to the contrary as well as its decree are therefore set aside. *Hull* v. *Insurance Company*, 100 N. H. 387, 391.

*Judgment for the plaintiff.*

All concurred.