Cheshire,
No. 5623.

AMERICAN EMPLOYERS' INSURANCE CO.

*v.*

SWANZEY *& a.*

Argued October 3, 1967.
Decided January 30, 1968.

*Bell, Bell & Shortlidge* and *William H. Kennedy* ( *Mr. Kennedy* orally ), for the plaintiff.

*Goodnow, Arwe & Ayer* for the defendant town, filed no brief.

*Howard B. Lane* ( by brief and orally ), for the defendant Harrington.

DUNCAN, J. This is a petition for declaratory judgment brought by an insurer of the defendant town to determine whether it is obligated by its "comprehensive" policy to defend a suit for personal injuries brought against the town by the defendant Harrington. Trial by the Court ( *Loughlin*, J. ) resulted in a finding that the insurer was obligated to defend the tort action and pay any judgment therein. The case was reserved and transferred by the Presiding Justice upon the plaintiff's exceptions.

On July 11, 1964 the defendant Harrington suffered injuries from an explosion at the town dump in West Swanzey which resulted in loss of an eye. The plaintiff first received notice of the accident from Harrington's counsel thirty-three days later, on August 13, 1964. The insurance policy provided: "When an accident occurs written notice shall be given on behalf of the insured to the company or any of its authorized agents as soon as practicable." It also provided that no action should lie against the company "unless as a condition precedent thereto, the insured shall have fully complied with all the terms of the policy . . . . "

In response to the plaintiff's requests, the Trial Court found that "all the elements of the occurrence of July 11, 1964, including the nature of the conduct upon which liability might be predicated were known to the Selectmen of the Town of Swanzey immediately following the accident," and that the town "never gave notice of the accident" to its insurer. It also ruled that the policy requirement of notice "was not complied with" by the town. The Court found however that the insurer "was not prejudiced by the notice it received and is obligated to defend [the tort action] and to pay any judgment" therein. Thereafter the plaintiff moved to set aside the verdict and for a decree in its favor. After hearing, the Court denied the motion, and found "as a question of fact that the policy was not breached."

The plaintiff takes the position that the "delay of thirty-four days in giving notice of an accident" was a breach of the notice condition of the policy, and that as a matter of law the plaintiff was thereby relieved of liability. Its argument assumes, if it does not concede, that the insured may have the benefit if any of the

notice given by the injured third party. The plaintiff argues that no excuse was offered for the town's failure to give notice. The granting of the plaintiff's request for a finding that the selectmen knew "the nature of the conduct upon which liability might be predicated" ( *Pawtucket Mut. Ins. Co.* v. *Lebrecht,* 104 N. H. 465, 470 ) was not a finding that they reasonably should have appreciated that a claim of liability might be predicated upon that conduct and that the insurer should therefore be notified. While the Court could have found the selectmen justified in not associating the explosion with possible liability for negligent failure to regulate the dumping of explosive articles, it did not do so. See *Pawtucket Mut. Ins. Co.* v. *Lebrecht, supra,* 471.

We are of the opinion that the findings and rulings of the Trial Court are sustainable upon the record. The finding that the insurer was not prejudiced is attacked by the plaintiff, but was warranted by the evidence. The company had notice within thirty-four days, and counsel for the injured party supplied the company with the information in his possession. The names of witnesses were furnished on August 17, 1964. However the insurer neither interviewed nor sought to interview them until after suit was brought on October 15, 1964.

The *Pawtucket* case, *supra,* signalled this court's departure from the view that "all notices . . . which are not given immediately or within a short time after the accident are prejudicial to the insurer . . . . " *Pawtucket Mut. Ins. Co.* v. *Lebrecht,* 104 N. H. 465, 471. The opinion in *Malloy* v. *Head,* 90 N. H. 58, relied upon by the plaintiff, recognized that immediate notice may be excused where the insured "is ignorant of the fact that an accident has happened" or "that his property or servant has been involved." ( *Id.,* 62 ) In other respects however the decision is in conflict with principles today adopted in *Sutton Mut. Ins. Co.* v. *Notre Dame Arena, Inc.,* 108 N. H. 437, and is hereby overruled.

In support of its motion to set aside the verdict, both in the Trial Court and this court, the plaintiff has pointed to the ruling of the Trial Court, in response to its request, that the requirement of "notice as soon as practicable following an accident was not complied with by the Town." Relying upon the statement in the

*Pawtucket* case, *supra,* that where a breach of the notice condition has been found to have occurred, "the question of whether the insurer was prejudiced would be immaterial" (*Pawtucket Mut. Ins. Co.* v. *Lebrecht, supra,* 471-472), the plaintiff argues, in effect, that the quoted ruling entitled it to a decree as a matter of law and regardless of any issue of prejudice.

The Trial Court's reiteration of its finding of no prejudice coupled with its finding "as a question of fact that the policy was not breached" came in response to this argument. The Court expressly stated that its finding of no breach was made "so manifest justice will be attained . . . and plaintiff's counsel will not attain what might be an unfair advantage." The quoted dictum of the *Pawtucket* case upon which the plaintiff relies was intended to mean that prejudice to the insurer is a material consideration only in determining whether the insured has complied with the notice requirement of the policy, by giving notice within a reasonable time under all the facts and circumstances of the case. *Sutton Mut. Ins. Co.* v. *Notre Dame Arena, Inc.,* 108 N. H. 437, *supra.* The action of the Trial Court upon the plaintiff's motion made it plain that in finding that the "policy was not breached" the Court took into account "the character of the assured's conduct and the importance of its probable effect upon the interest of the insurer", as the *Pawtucket* case held proper. *Id.,* 472. This finding further demonstrated that the Court intended thereby to prevent any conclusive effect from attaching to its prior ruling that the condition of notice was not complied with by the town.

In sum, it is reasonably plain that the Trial Court considered that under the circumstances the failure of the town to notify the company of the accident was not a material breach of the policy which would excuse the company from performance of its undertakings. We hold that this conclusion was neither erroneous nor unwarranted.

*Exceptions overruled.*

All concurred.