Strafford,
No. 5882.

ABINGTON MUTUAL FIRE INSURANCE CO.

*v.*

ROBERT E. DREW *& a.*

Argued March 4, 1969.
Decided June 30, 1969.

*Wiggin, Nourie, Sundeen, Nassikas & Pingree* and *John R. Falby, Jr.* (*Mr. Falby* orally), for the plaintiff.

*Burns, Bryant, Hinchey & Nadeau* and *Paul R. Cox* (*Mr. Cox* orally), for defendant Robert E. Drew.

*Calderwood, Silverman & Ouellette* for defendants Frederick B. Pinkham and Frederick A. Pinkham, filed no brief.

GRIFFITH, J. Petition for declaratory judgment brought by the plaintiff insurance company to determine whether it is obliged to defend an action brought by defendant Robert E. Drew against Frederick B. Pinkham. Decree by the Trial Court (*Morris*, J.) that the plaintiff was obligated to defend the action and to satisfy any judgment to the limit of its liability. Plaintiff's exceptions were reserved and transferred by the Trial Court.

Frederick B. Pinkham was a resident of the household of his father on September 3, 1966. On that date he was involved in a

shooting accident resulting in injury to Robert E. Drew.

Robert E. Drew was hospitalized for some time with serious injuries as a result of the shooting. During this period he was visited by Pinkham and although there was no mention of any possible claim Drew did suggest in a telephone conversation that they get together to discuss Drew's medical bills. On December 10, 1966 Frederick B. Pinkham was arrested by conservation officers and charged with negligently and carelessly shooting and wounding another while hunting. Pinkham, together with his father, consulted an attorney on December 15, 1966 for advice relating to the criminal charge. In the course of this consultation the attorney suggested that the father's homeowner policy might cover civil liability of the son. They procured the policy and were advised that there was coverage. The named insured on December 15, 1966 then notified his insurance agent and on December 16, 1966 an insurance adjuster began investigation of the accident. On February 2, 1967 suit was brought against the son by Robert E. Drew for injuries sustained in the shooting.

The plaintiff did not claim that the accident was not within the terms of the policy but relied upon the delay in notice of the accident as relieving them of the duty to defend. The terms of the policy provided that written notice of an accident shall be given to the company "as soon as practicable." The Trial Court granted and denied certain requests for findings of both plaintiff and defendants and ruled that "under all the circumstances of this case the insured gave notice of the accident to the insurer as soon as practicable."

The plaintiff argues that the facts did not permit a finding of extenuating circumstances justifying the delay and that the Trial Court improperly found that the plaintiff had not been prejudiced by the delay.

Recognizing that the question of "whether the policy requirements as to notice have been met is a question of fact for the Trial Court" (*Pawtucket Mut. Ins. Co.* v. *Lebrecht*, 104 N. H. 465, 470) they claim as a matter of law that the facts did not permit the Trial Court to find as it did.

Since the delay in notifying insurer was due to insured's lack of knowledge of his coverage, plaintiff says this may not be considered an extenuating circumstance. It has been held that an insured is presumed to have knowledge of the conditions in his

policy requiring notice (*American Fidelity Co.* v. *Schemel*, 103 N. H. 190, 195; *Malloy* v. *Head*, 90 N. H. 58, 60) and of coverage specifically excluded in the policy. *Fitch Company* v. *Insurance Company*, 99 N. H. 1. These are relatively simple matters that the average layman should know. Determination of the coverages afforded by the omnibus liability coverage contained in a homeowner's policy is a different matter and we would not presume such knowledge as a matter of law. This court has recognized that it is difficult for an untrained layman to understand the complexity of omnibus coverage in other cases (*Aetna Insurance Co.* v. *State Motors*, 109 N. H. 120; *Peerless Ins. Co.* v. *Gould*, 103 N. H. 134) and the same complexities are present here. Accordingly, whether the insured's failure to discover his coverage until he consulted an attorney was an extenuating circumstance in this case was a question of fact. The evidence justified the Trial Court's finding that the notice was given as soon as practicable under all the circumstances.

Neither was the Trial Court required to find that the plaintiff was prejudiced by the delay. In urging that a finding of prejudice was required the plaintiff argues that its inability to interview the claimant before he consulted an attorney prevented a prompt settlement by it of the case. The mere possibility that plaintiff could have negotiated a cheaper settlement of the case had there been no delay in notification does not require a finding of prejudice. The evidence did not show that the plaintiff was unable to secure all of the information required to properly defend the action and the Trial Court's ruling that there was no prejudice is sustained. *American Employers' Ins. Co.* v. *Swanzey*, 108 N. H. 433; *Sutton Mut. Ins. Co.* v. *Notre Dame Arena*, 108 N. H. 437; *Consolidated Mut. Cas. Co.* v. *Radio Foods Co.*, 108 N. H. 494.

It should be noted that the Trial Court's rulings were based on all the circumstances and did not rest specifically upon either of two grounds discussed above. This is a correct application of the rule laid down by this court beginning with *Pawtucket Mut. Ins. Co.* v. *Lebrecht*, 104 N. H. 465 and stated again in *American Employers' Ins. Co.* v. *Swanzey*, 108 N. H. 433 and *Sutton Mut. Ins. Co.* v. *Notre Dame Arena*, 108 N. H. 437. The insured should not forfeit the protection he has paid for in the absence of a substantial breach. The determination by the Trial Court of whether or not there has been such a breach

is more than a numbers game of counting the days of delay in notifying the company. It involves consideration by the Trial Court of the length of the delay, the reasons for delay and the effect of such delay upon the insurer. The weight accorded the various factors in a particular case is for the Trial Court and if there is evidence to support a ruling by the Trial Court that there is or is not a substantial breach it will be upheld.

*Exceptions overruled.*

LAMPRON, J., did not sit;
GRIMES, J., concurred in the result; the others concurred.