Hillsborough
No. 7006

LUMBERMENS MUTUAL CASUALTY COMPANY

v.

MICHAEL S. OLIVER, by his father and next friend,
FREDERICK G. OLIVER, AND MANCHESTER HOUSING AUTHORITY

March 31, 1975

142

*Devine, Millimet, Stahl & Branch (Mr. Bartram C. Branch* orally) for the plaintiff.

*Green, Sullivan & Green (Mr. Leonard S. Green* orally) for the defendant Manchester Housing Authority.

KENISON, C.J. The Manchester Housing Authority appeals from a decree in a petition for declaratory judgment that plaintiff is not required to provide coverage under the terms and conditions of a liability insurance policy issued to the Authority. *Dunfey,* J., reserved and transferred the housing authority's exceptions to the denial of its motion to set aside the verdict as contrary to the law and against the weight of the evidence. The issues are whether the trial court's determination that plaintiff was released from its obligations under the policy because of a prejudicial delay in giving notice of the claim is correct as a matter of law and supported by the evidence.

On April 7, 1970, Michael S. Oliver was allegedly injured while playing on property owned by the Manchester Housing Authority as a result of the condition of the premises *(i.e.,* a "hole or depression in the ground"). In a letter dated May 8, 1970, attorneys for Oliver

notified the housing authority that the accident had occurred and requested that the letter be forwarded to the insurance carrier. The finance officer of the housing authority testified that in response to the letter he telephoned Oliver's attorneys, requesting that Oliver complete the appropriate claim forms. According to the finance officer, normal procedure was for the claimant to fill out the claim forms at the housing authority's office. By a letter dated May 13, the housing authority sent the forms to Oliver's attorneys, but the completed forms were not returned.

Almost one year after the accident the local agents for Lumbermens Mutual were notified by the housing authority on April 5, 1971, that two writs relating to the Oliver incident had been served on it. This was the first notice which plaintiff received that a claim was being made. In a letter dated April 8, the insurance company denied coverage due to tardy reporting of the claim by the housing authority.

Despite the denial of coverage, a claims adjuster for plaintiff inspected the area where the accident reportedly occurred, but was unable to compile any information regarding the location or condition of the premises that allegedly caused the accident, nor was he able to find any witnesses to the accident. Both the claims adjuster for plaintiff and the finance officer for the housing authority, the only witnesses at trial, agreed that the residents of housing authority buildings were unusually transient, making difficult the location of witnesses one year after an incident.

The governing section of the policy provided [Conditions 4(a)]: "[I]n the event of an occurrence, written notice containing particulars sufficient to identify the insured and also reasonably obtainable information with respect to time, place and circumstances thereof, and the names and addresses of the injured and of available witnesses shall be given by or for the insured to the company or any of its authorized agents as soon as practicable." Notice provisions such as this one purport to protect the insurer's rights by affording it an opportunity to conduct timely investigation which promotes early settlement and prevents fraudulent claims. 8 J. Appleman, Insurance Law and Practice § 4731, at 2 (1962) (Cum. Supp. 1973, at 3-4; Supp. 1974, at 3); see R. Keeton, Basic Text on Insurance Law § 7.2(a) at 446 (1971); Note, 68 Harv. L. Rev. 1436, 1437 (1955).

"As soon as practicable" has been interpreted by this court to mean as soon as reasonably possible under the circumstances of the case. *American Fidelity Co. v. Schemel*, 103 N.H. 190, 193, 168

A.2d 478, 480 (1961). The insured bears the burden of showing that notice of the accident was given as soon as reasonably possible. *Standard Acc. Ins. Co. v. Gore,* 99 N.H. 277, 280, 109 A.2d 566, 569 (1954).

Whether the notice provisions of the policy have been complied with is a factual question for the trial court. *Abington Fire Ins. Co. v. Drew,* 109 N.H. 464, 465, 254 A.2d 829, 830-31 (1969); *Pawtucket Mut. Ins. Co. v. Lebrecht,* 104 N.H. 465, 470, 190 A.2d 420, 424 (1963); *see* 8 J. Appleman, Insurance Law and Practice § 4734, at 26-27 (1942). The determination depends on the prejudice to the insurer precipitated by the delay as well as on the length of and reasons for the delay. *Sutton Mut. Ins. Co. v. Notre Dame Arena,* 108 N.H. 437, 440, 237 A.2d 676, 678-79 (1968); *Pawtucket Mut. Ins. Co. v. Lebrecht,* 104 N.H. 465, 470-71, 190 A.2d 420, 425 (1963); 13 G. Couch, Cyclopedia of Insurance Law 2d § 49:88, at 692 (R. Anderson ed. 1965).

The defendant housing authority maintains that because it followed its own "proper procedures" in forwarding claim forms to Oliver's attorneys, it fullfilled any duty owed to plaintiff. Although the forwarding of claim forms in this case may have been "proper procedure", the express duty of notifying the insurer as soon as practicable remained unfulfilled. Prior to April 5, 1971, no attempt was made to notify the plaintiff of the Oliver claim despite the housing authority's knowledge of the claim and specific language in the letter of May 8, 1970, from claimant's attorneys requesting that the letter be forwarded to the insurer. Nor did the providing of claim forms to the insured by plaintiff create an agency relationship which released the defendant from its duty to provide notice of claims as soon as practicable. Restatement (Second) of Agency § 26, Comment *a,* at 101 (1958); *cf.* Annot., 39 A.L.R.3d 593, 613 (1971); Annot., 18 A.L.R.2d 443, 470 (1951).

The defendant housing authority further contends that the evidence was insufficient to support a finding that the delay of almost one year prejudiced the plaintiff. A delay that frustrates the purpose of the notice provision to afford adequate opportunity for investigation is prejudicial. *St. Paul Fire and Marine Ins. Co. v. Petzold,* 418 F.2d 303, 305 (1st Cir. 1969); *see* 2 R. Long, The Law of Liability Insurance § 13.05, at 13-13 (1974). The trial court's finding of substantial prejudice is supported by testimony of the claims adjuster that he could not discover any information regarding the condition which allegedly caused the accident nor locate any witnesses. Unless clearly erroneous, the trial court's findings will be upheld.

*American Employers Ins. Co. v. Sterling,* 101 N.H. 434, 437, 146 A.2d 265, 267-68 (1958); *cf. Spectrum Enterprises, Inc. v. Helm Corp.,* 114 N.H. 773, 777, 329 A.2d 144, 147 (1974).

*Defendant's exceptions overruled.*

All concurred.