Cheshire
No. 80-427

COMMERCIAL UNION ASSURANCE COMPANIES

v.

MONADNOCK REGIONAL SCHOOL DISTRICT *& a.*

April 3, 1981

*Devine, Millimet, Stahl & Branch,* of Manchester (*Molly M. Mugler* on the brief and orally), for the plaintiff.

*Goodnow, Arwe, Ayer, Prigge & Gardner,* of Keene (*Eric R. Gardner* on the brief and orally), for the defendant.

PER CURIAM. The issue in this declaratory judgment action is whether the master's finding that the defendant breached the terms of its insurance policy by failing to give notice of an accident as soon as practicable is supported by the evidence. We uphold the master.

On February 15, 1973, Winifred Sargent, then age 11 and a student at the Surry School of the Monadnock Regional School District, was injured during a recess while playing on a snow-covered merry-go-round which was part of the playground equipment but which had previously been ruled off limits. On that day, two adult employees of the school were in charge of the supervised recess.

Following the accident, Miss Sargent was given first aid and released to the care of her parents. The accident was promptly reported, on a prescribed form, to the principal. One of the teachers who had been supervising the recess made a written report that was attached to the log of Miss Sargent's absences, which totaled 47-½ days to the end of the school year in June.

Within a week, the principal had forwarded the report to the

superintendent's office in accordance with established procedures. By this time, the principal had learned that the injury was serious, and the superintendent was so informed. Although it was learned soon after the accident that another child was an eye witness, no statements were obtained nor were any photographs taken of the scene.

No report of the accident was made to the plaintiff insurance company until after suit was brought in December 1974, some twenty-two months after the accident. After some investigation, the plaintiff filed a petition for declaratory judgment seeking a determination that there was no coverage because of the failure to comply with the notice requirements of the policy. The matter was referred to a Master (*Mayland H. Morse, Jr.*, Esq.), who found that the delay was substantial by any reasonable standards and was the result of culpable neglect on the part of the insured. He also found that the plaintiff was prejudiced by the delay and that there was therefore a substantial breach of the terms of the policy, which relieved the plaintiff of the obligation to defend the claim or satisfy any judgment in the tort action. A decree in accordance with the report was entered by *Dunfey*, C.J., who transferred the defendant's exceptions.

■■ At least since *Sutton Mut. Ins. Co. v. Notre Dame Arena*, 108 N.H. 437, 440, 237 A.2d 676, 678 (1968), whether there has been a breach of the policy provisions requiring notice to be given "as soon as practicable" does not depend on the length of delay alone but also upon the reasons for the delay and whether the delay resulted in prejudice to the insurer. It is a combination of these three factors that determines whether there has been a substantial breach of the notice requirements of the policy so as to relieve the insurer of its obligation to defend and pay any judgments. The relative weight to be given these factors is for the trial court to determine. *Abington Mutual Fire Ins. Co. v. Drew*, 109 N.H. 464, 467, 254 A.2d 829, 831 (1969). Unless no reasonable person could find that notice was given as soon as was reasonably possible, the question whether the notice requirement has been met is one of fact for the trial court. *Pawtucket Mut. Ins. Co. v. Lebrecht*, 104 N.H. 465, 470, 190 A.2d 420, 424 (1963).

■■ There is no question that the delay in this case was substantial. We are not dealing here with a delay of a few weeks or months but one of almost two years. The master found that there was no excuse for the delay and that it was the result of culpable neglect on the part of the insured. These findings are not seriously disputed, and the trial court would be justified in according them

substantial weight. *See Abington Fire Ins. Co. v. Drew, supra* at 467, 254 A.2d at 831. The defendant argues, however, that the finding of prejudice should not stand. It argues that it could not be found that there was an actual loss of evidence or that the insurer was otherwise prevented from preparing an adequate defense.

We think that the finding need not go that far in order to support a finding of prejudice. It is difficult, if not impossible, to prove that there was evidence that could have been obtained but has been lost because of the passage of time when that evidence lies in the memories of human beings, especially young ones. Who can tell what evidence is included among those things which cannot be remembered? Indeed, the master found, from the testimony at trial, that "the ability of a youth to recall events of this sort diminished more rapidly . . . [with] the passage of time than that of . . . [an] adult" and that, therefore, a "neutralizing of witnesses and evidence has probably occurred."

Moreover, the master found that the plaintiff had lost the opportunity to contact witnesses seasonably and obtain the same fresh, uninfluenced statements from them that representatives of the Sargent girl had and to establish a cooperative relationship with the injured girl and her parents and that it was prejudiced thereby. We recognize that the "mere possibility that [the] plaintiff could have negotiated a cheaper settlement . . . had there been no delay in notification does not require a finding of prejudice." *Abington Fire Ins. Co. v. Drew*, 109 N.H. at 466, 254 A.2d at 831. Nevertheless, a finding of prejudice based in part on that ground is permissible.

It is true that the plaintiff was furnished the names of all the children who were in the yard on the day of the accident, including the name of the supposed eye witness. It is also true that the plaintiff has not interviewed any of them, although unsuccessful attempts were made to talk with the alleged eye witness. Nevertheless, this does not, as defendant argues, prevent a finding of prejudice.

The adjuster for the plaintiff began an investigation within three days of being notified of the accident. He interviewed the two teachers who had been supervising the recess and the principal, and he also examined the merry-go-round. The master found that these interviews revealed the inability of witnesses to recall events on the day of the accident. One of the teachers was unable to recall how long they had been at recess, what she was doing at the time of the accident, and why she did not see it. The adjuster, who had

twenty-five years experience in that capacity, testified that his investigation was prejudiced by the twenty-two month delay.

 The master has found that the plaintiff was in fact prejudiced by the delay, and we cannot say that such a finding is not supported by the evidence in this case. It must therefore stand. *Duby v. Osgood*, 120 N.H. 356, 357, 415 A.2d 326, 327 (1980). In upholding this finding, we emphasize that this case is quite unlike those cases in which adequate investigation by others furnished a satisfactory substitute for timely notice. *See St. Paul Fire and Marine Insurance Company v. Petzold*, 418 F.2d 303, 305–06 (1st Cir. 1969). We also uphold the finding that a substantial breach of the policy terms resulted from the delay in notification.

Although the defendant has not raised the question of the burden of proof, it has been briefed by the plaintiff, which contends that the burden was on the defendant to prove lack of prejudice when, as in this case, there is no excuse for the delay. In *Sutton Mut. Ins. Co. v. Notre Dame Arena*, 108 N.H. at 440, 237 A.2d at 678, we stated that the burden was on the insured to prove that notice was given as soon as practicable. The legislature subsequently enacted RSA 491:22-a (Supp. 1979), effective August 19, 1969, which placed the burden of proof concerning coverage upon the insurer. Nevertheless, in *Lumbermen's Mut. Cas. Co. v. Oliver*, 115 N.H. 141, 144, 335 A.2d 666, 668 (1975), which involved an accident occurring after the effective date of the 1969 statute, the court again stated that the insured bears the burden of showing that notice was given as soon as reasonably possible. No requests were made at the trial level for a ruling on the burden of proof. Whether RSA 491:22-a (Supp. 1979) applies to notice requirements need not be decided in this case, for we are satisfied by the tone of the master's report, in which he made a positive finding that prejudice did result, that he placed the burden of showing prejudice upon the plaintiff. The defendant does not and cannot complain.

*Exceptions overruled; affirmed.*