Strafford
No. 97-508

DOVER MILLS PARTNERSHIP.

v.

COMMERCIAL UNION INSURANCE COMPANIES
d/b/a AMERICAN EMPLOYERS INSURANCE COMPANY

November 30, 1999

*Shaines & McEachern, P.A.*, of Portsmouth (*Paul McEachern* and *Alec L. McEachern* on the brief, and *Alec L. McEachern* orally), for the plaintiff.

*Devine, Millimet & Branch P.A.*, of North Hampton (*Debra Weiss Ford* on the brief and orally), and *Philip B. Bradley*, of Portsmouth, on the brief, for the defendant.

JOHNSON, J. The plaintiff, Dover Mills Partnership, appeals the ruling of the Superior Court (*Mohl*, J.) granting the motion for summary judgment of the defendant, Commercial Union Insurance Companies d/b/a American Employers Insurance Company, in the plaintiff's declaratory judgment action, *see* RSA 491:22 (1983 & Supp. 1996) (amended 1996). We reverse and remand.

The trial court found the following facts after consideration of the evidence in the light most favorable to the plaintiff. *See Conrad v. Hazen*, 140 N.H. 249, 250, 665 A.2d 372, 374 (1995). In February 1994, James Tremblay was injured when he fell on an outside stairwell of a building owned by the plaintiff and leased by Tremblay's employer. At the time of Tremblay's accident, the defendant had issued a general liability policy to the plaintiff covering the building. During the proceedings below, neither party introduced the policy in question, and hence, the policy was not transferred to this court as an exhibit. According to a letter sent by the defendant to the plaintiff denying coverage, however, the insurance policy included two provisions requiring the plaintiff to notify the defendant: (1) "as soon as practicable of an 'occurrence' or an offense which may result in a claim"; and (2) "as soon as practicable" when "a claim is made or 'suit' is brought against any insured." The plaintiff does not dispute this description of the policy.

The plaintiff alleged that it did not learn of Tremblay's accident until November 1994. The defendant did not receive notice of Tremblay's action, however, until July 1996, almost twenty months after the plaintiff learned of the potential claim. After the defendant denied the plaintiff's request for coverage under the general liability policy, the plaintiff filed a petition for declaratory judgment to determine coverage. The defendant filed a motion for summary judgment, alleging that the plaintiff failed to give notice of Tremblay's alleged accident as soon as practicable and failed to explain its tardiness, and that the defendant was prejudiced by the delay. The superior court granted the defendant's motion, and this appeal followed.

To determine whether the superior court erred in granting the defendant's motion for summary judgment,

> we consider the affidavits and any other evidence, as well as all inferences properly drawn from them, in the light most favorable to the plaintiff. If there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law, the trial court must grant summary judgment.

*Gould v. George Brox, Inc.*, 137 N.H. 85, 87-88, 623 A.2d 1325, 1327 (1993) (citation omitted).

■ The plaintiff contends that the superior court erred in granting summary judgment where there was a genuine issue of material fact regarding whether the reporting delay prejudiced the defendant. It is well-settled that

> whether there has been a breach of the policy provisions requiring notice to be given "as soon as practicable" does not depend on the length of delay alone but also upon the reasons for the delay and whether the delay resulted in prejudice to the insurer. It is a combination of these three factors that determines whether there has been a substantial breach of the notice requirements of the policy.

*Commercial Union Assur. Co's v. Monadnock Regional School Dist.*, 121 N.H. 275, 277, 428 A.2d 894, 896 (1981). This determination is a question of fact for the trial court "[u]nless the circumstances are such that no reasonable [person] could find that notice was given as soon as was reasonably possible," in which case the court may make a determination as a matter of law. *Pawtucket Mut. Ins. Co. v. Lebrecht*, 104 N.H. 465, 470, 190 A.2d 420, 424 (1963).

The trial court held that based on the three factors, no reasonable person could have concluded that the plaintiff complied with the terms of the insurance policy, and thus the defendant was entitled to judgment as a matter of law. *See id.* The trial court based its conclusion on the fact that the plaintiff's delay in reporting the alleged accident was extremely long. The court also relied heavily on its finding that the plaintiff failed to allege any facts excusing the long delay. The court reasoned that even though the declaratory judgment statute places the burden of proving coverage on the insurer, *see* RSA 491:22-a (1997), only the plaintiff (1) knew why it failed to provide timely notice, and (2) could offer a valid reason excusing its tardiness. The court thus found that the insured did not sufficiently prove excusable delay and granted summary judgment in favor of the defendant. The court also found, however, that the insurer's claim of prejudice was "somewhat speculative." We must decide, therefore, whether the superior court erred in holding that the defendant was entitled to summary judgment as a matter of law where, although the insured offered no excuse for a delay in reporting, the evidence of prejudice to the insurer was speculative.

Prior to the enactment of RSA 491:22-a in 1969, *see* Laws 1969, 255:1, the common law unequivocally stated that the burden was on

the insured to prove that notice was provided to the insurer as soon as practicable. *See Sutton Mut. Ins. Co. v. Notre Dame Arena*, 108 N.H. 437, 440, 237 A.2d 676, 679 (1968). In *Commercial Union*, we specifically left open the question of whether the insurer has the burden of proving prejudice where no excuse for a substantial delay has been proffered by the insured. *See Commercial Union*, 121 N.H. at 279, 428 N.H. at 897. We recently stated that under "occurrence" liability policies, however, "if an insured gives late notice, the insurer must show prejudice to deny coverage," *Bianco Prof. Assoc. v. Home Ins. Co.*, 144 N.H. 288, 295-96, 740 A.2d 1051, 1057. It is appropriate to impose the burden on the insurance carrier to prove prejudice because the insurer is in the best position to establish facts demonstrating that prejudice exists. Moreover, to hold otherwise would require an insured to prove a negative, a nearly impossible task. *See Jones v. Bituminous Cas. Corp.*, 821 S.W.2d 798, 803 (Ky. 1991). "The insured should not forfeit the protection [it] has paid for in the absence of a substantial breach," *Abington Fire Ins. Co. v. Drew*, 109 N.H. 464, 466, 254 A.2d 829, 831 (1969), and as such, we have held that where the insurer was not prejudiced by a delay in reporting, the failure of the insured to timely notify the insurer of a claim "was not a material breach of the policy which would excuse the company from performance." *American Employers' Ins. Co. v. Swanzey*, 108 N.H. 433, 436, 237 A.2d 681, 683 (1968).

The plaintiff asserts that because a genuine issue of material fact regarding prejudice exists, it was error for the trial court to grant summary judgment. We agree. We note that the parties have not made clear whether the policy at issue in this case is a claims-made policy or an occurrence based policy. *Cf. Bianco*, 144 N.H. at 295, 740 A.2d at 1057. Because we view the evidence in the light most favorable to the plaintiff, we will assume, for purposes of this appeal, that it is an occurrence based policy that requires the insurer to prove prejudice, *see id.*, before a material breach will be found, *see American Employers' Ins. Co.*, 108 N.H. at 436, 237 A.2d at 683.

█ Prejudice is generally a question of fact, *see Appeal of Brown*, 143 N.H. 112, 115, 720 A.2d 66, 69 (1998), and is central to a determination of whether the lack of notice constitutes a material breach of the insurance contract. *Cf. Sutton Mut. Ins. Co.*, 108 N.H. at 440, 237 A.2d at 679. The affidavit provided by the defendant is based in large part on conjecture, including the claims that "the memory of any witness[] dims" during a long delay, and that the structure and condition of the stairway "may have changed." These

allegations merely assume the truth of the predicate facts necessary to prove the defendant's hypothesis that it was prejudiced by the delay. Although the insurer need not show actual loss of evidence to demonstrate prejudice, *see Commercial Union*, 121 N.H. at 278, 428 A.2d at 896, it must at the very least provide the court with facts showing prejudice and not merely surmise that it may be prejudiced because certain events may have occurred in the abstract during the period of delay. *Cf. id.* at 278-79, 428 A.2d at 897 (investigator stated that after interviewing witnesses, memories had faded regarding key events on day of accident); *American Employers' Ins. Co.*, 108 N.H. at 435, 237 A.2d at 682 (upholding a finding of no prejudice where insurer did not timely investigate).

■ Furthermore, even if we assume the truth of the plaintiff's allegation that it was not informed of the accident until eight months after it occurred, the allegation that the defendant was prejudiced because the snow and ice allegedly on the staircase on the day of the accident had melted, thereby depriving the insurer of the opportunity to photograph the conditions on that day, is irrelevant because even if notice had been provided when the plaintiff learned of the accident, the conditions by then would have materially changed. We conclude that the trial court erred in granting summary judgment because a genuine issue of material fact exists regarding the absence or extent of prejudice to the defendant, *see Sutton Mut. Ins. Co.*, 108 N.H. at 440, 237 A.2d at 679, and thus it was improper for the court to hold that no reasonable person could find that, as a matter of law, the defendant's burden of proving prejudice was met.

Although the delay in reporting was lengthy, we have never held that an insurer is *per se* prejudiced by an unexcused prolonged delay. *See Abington Fire Ins. Co.*, 109 N.H. at 466, 254 A.2d at 831 (holding that a "determination by the Trial Court of whether or not there has been such a breach is more than a numbers game of counting the days of delay in notifying the company"). Accordingly, we reverse the trial court's order granting the defendant's motion for summary judgment and remand for further proceedings consistent with this opinion.

*Reversed and remanded.*

All concurred.