Belknap
No. 2003-834

CRAIG KRIGSMAN

v.

PROGRESSIVE NORTHERN INSURANCE CO.

Argued: October 13, 2004
Opinion Issued: January 7, 2005

*Bossie, Kelly, Hodes, Buckley & Wilson, P.A.*, of Manchester (*David E. LeFevre* on the brief and orally), for the petitioner.

*Wiggin & Nourie, PA*, of Manchester (*Gordon A. Rehnborg, Jr.* and *Mary Ann Dempsey* on the brief, and *Mr. Rehnborg* orally), for the respondent.

DUGGAN, J. The petitioner, Craig Krigsman, appeals an order of the Superior Court (*Smukler*, J.) denying his request for declaratory relief against the respondent, Progressive Northern Insurance Company (Progressive). The petitioner argues that the trial court improperly concluded that he had materially breached his duty to cooperate with Progressive in the investigation of his insurance claim. We affirm.

The following facts were found by the trial court or are evident in the record. On March 7, 2002, the petitioner was in a single vehicle accident, resulting in the total loss of his vehicle. The petitioner filed a claim under his policy with Progressive on the day of the accident. On March 13, 2002, Progressive sent a letter to the petitioner indicating that his claim may not be covered because there was a question as to whether the petitioner was a

resident of New Hampshire, as required for coverage under the policy. By letter dated April 16, 2002, Progressive denied the petitioner's claim because its investigation concluded that the petitioner's primary residence was in Massachusetts.

In May 2002, the petitioner sent a letter to Progressive contesting its finding that he resided in Massachusetts. Progressive notified the petitioner on June 18, 2002, that it was rescinding its denial of coverage and reopening its investigation of the claim. That same day, a claims representative from Progressive contacted the petitioner's counsel to arrange an examination under oath (EUO) of the petitioner. Progressive also retained local counsel to assist in the investigation of the claim. By letter dated June 24, 2002, the petitioner's counsel informed the claims representative that he would be available for the EUO on four dates during the week of July 1-5, 2002. On June 28, 2002, Progressive's local counsel sent a letter to the petitioner's counsel stating that he "would like to take [the petitioner's] deposition" and requesting that the petitioner bring several documents to the EUO, including copies of his tax returns, utility bills and homeowner's insurance policies. The EUO was not scheduled because Progressive's counsel was not available during the holiday week. On July 10, 2002, the petitioner's counsel wrote to Progressive's counsel noting that his proposed dates for the EUO had passed and stating that the petitioner "may no longer be willing to give his deposition outside of a formal judicial process." The petitioner's counsel sent another letter to Progressive's counsel on July 18, 2002, again stating that he believed the matter "would best be resolved within the parameters of formal judicial process." He subsequently filed a petition for declaratory judgment on July 23, 2002.

At trial, the petitioner testified that his property in New Hampshire had two houses on it, his primary residence and a rental unit. Based on this testimony, Progressive conceded that the petitioner met the policy's New Hampshire residency requirement. Thus, the only issue before the trial court was whether the petitioner breached his obligations under the insurance contract by refusing to submit to the EUO and initiating the declaratory judgment action against Progressive while its investigation was pending. The trial court found that:

> [N]otice of petitioner's availability was sent to the insurer in a letter dated June 24, 2002[,] six days before the first date petitioner was available. The insurer was not able to conduct an EUO during that holiday week. The insurer's attempt during the

week of July 10, 2002 to reschedule was futile. The petitioner filed this suit twelve days later without ever submitting to an EUO.

The trial court concluded, "Both filing suit before the insurer breached its obligations and refusing to submit to an EUO is a breach of the insurance policy. The insured's refusal to schedule an EUO was also a breach of the cooperation clause." The court also found that the petitioner's breach of his contractual obligations was prejudicial to Progressive because it bore the cost of defending the declaratory judgment action.

On appeal, the petitioner argues that the trial court erred in its factual finding that he refused to submit to an EUO. He also argues that the insurer must be prejudiced by an insured's failure to submit to an EUO for it to constitute a material breach of the policy.

Progressive counters that submission to a reasonable request for an EUO should be construed as a condition precedent to recovery under the policy and thus it may deny coverage without proving it has been prejudiced by the petitioner's breach. We agree.

We will affirm the trial court's factual findings unless they are unsupported by the evidence and we will affirm the trial court's legal rulings unless they are erroneous as a matter of law. *New England Homes v. R.J. Guarnaccia Irrevocable Trust*, 150 N.H. 732, 734 (2004). The interpretation of insurance policy language is a question of law for this court to decide. *Godbout v. Lloyd's Ins. Syndicates*, 150 N.H. 103, 105 (2003). We construe the language of an insurance policy as would a reasonable person in the position of the insured based on a more than casual reading of the policy as a whole. *Id.* Policy terms are construed objectively, and where the terms of a policy are clear and unambiguous, we accord the language its natural and ordinary meaning. *Id.* We need not examine the parties' reasonable expectations of coverage when a policy is clear and unambiguous. *Id.*

First, the petitioner argues that the trial court erred in its factual finding that "[t]he insurer's attempt during the week of July 10, 2002 to reschedule [the EUO] was futile." Specifically, the petitioner points to the trial court's finding that Progressive wrote to him on July 10, 2002, to reschedule the EUO. He contends that Progressive never informed him that the proposed dates were inconvenient and did not attempt to reschedule the EUO.

We agree with the petitioner that the trial court erred in finding that Progressive sent him correspondence on July 10, 2002, regarding the

EUO. There is, however, other evidence to support the trial court's conclusion that the petitioner refused to submit to an EUO. First, the petitioner wrote to Progressive on July 10 and July 18, 2002, indicating that he may not be willing to submit to an examination and that he intended to proceed with formal judicial process. Second, the petitioner's testimony at trial indicates that Progressive contacted the petitioner to reschedule the EUO after the proposed dates had passed:

> [Atty. Rehnborg]: And then Progressive said through me we can't do it [the week of July 4], but we can do it a week or two later. You knew that?
>
> [Petitioner]: Yes.
>
> . . . .
>
> [Atty. Rehnborg]: Now, a letter was sent to your attorney, . . . asking for you to, when you attended the deposition, come with certain documents, are you aware of that?
>
> [Petitioner]: Yes.
>
> . . . .
>
> [Atty. Rehnborg]: Did you gather those documents back there so that they would be available in early July?
>
> [Petitioner]: No.
>
> [Atty. Rehnborg]: Why?
>
> [Petitioner]: Because at the time it was chosen it would be better to pursue this through legal action.
>
> . . . .
>
> [Atty. Rehnborg]: And you knew I wanted . . . you to produce records?
>
> [Petitioner]: Yes.
>
> [Atty. Rehnborg]: And you also knew, did you not, that that was part of Progressive's investigation in this matter to determine the issue of residency?
>
> [Petitioner]: Yes.
>
> [Atty. Rehnborg]: And you refused to do so?

[Petitioner]: Yes.

■ Based on our review of the record and the petitioner's testimony, we conclude that the trial court's finding that the petitioner's statements and actions constituted a refusal to submit to Progressive's request for an EUO was not clearly erroneous or unsupported by the evidence. *See In re Estate of King*, 151 N.H. 425, 428 (2004).

Next, the petitioner argues that Progressive must prove that it was prejudiced by the petitioner's failure to submit to an EUO prior to filing suit. Progressive counters that we should construe the EUO provision as a condition precedent to recovery under the policy, and thus it should not have to prove that it suffered prejudice from the petitioner's breach.

Under the section detailing the insured's duties in case of an accident or loss, the insurance policy provides:

A person claiming coverage under this policy must:

1. cooperate with us in any matter concerning a claim or lawsuit;

. . .

3. allow us to take signed and recorded statements, including sworn statements and examinations under oath, and answer all reasonable questions we may ask, when and as often as we may reasonably require.

(Emphasis omitted.) Under a separate section of the policy titled "Legal Action Against Us," the policy provides: "We may not be sued unless there is full compliance with all the terms of this policy." (Emphasis omitted.)

Although we have not previously addressed this issue, "[i]t is the law in most jurisdictions that the submission to an examination, if the request is reasonable, is strictly construed as a condition precedent to the insurer's liability." *Mello v. Hingham Mut. Fire Ins. Co.*, 656 N.E.2d 1247, 1250 (Mass. 1995); *see also Goldman v. State Farm Fire Gen. Ins. Co.*, 660 So. 2d 300, 303 (Fla. Dist. Ct. App. 1995), *review denied*, 670 So. 2d 938 (Fla. 1996); 13 L. RUSS & T. SEGALLA, COUCH ON INSURANCE 3D § 196:22 (1999). *But see McCullough v. Travelers Companies*, 424 N.W.2d 542, 544 (Minn. 1988) (holding that submission to EUO is a condition precedent to recovery under fire policy but not to filing suit against the insurer); *Wright v. Farmers Mut. of Nebraska*, 669 N.W.2d 462, 466 (Neb. 2003) (holding that insurer must show prejudice).

■ The policy unambiguously states that the insured must allow Progressive to take an examination under oath and that Progressive may not be sued unless there is full compliance with all of the policy terms, including the EUO provision. A reasonable person in the petitioner's position would interpret the policy as requiring compliance with the EUO request prior to filing suit. *See Godbout*, 150 N.H. at 105. Thus, we conclude that the language of the petitioner's policy makes submission to a reasonable request for an EUO a condition precedent to filing suit. *See Goldman*, 660 So. 2d at 303; *Mello*, 656 N.E.2d at 1249 n.3 (examining similar policy language).

Courts that construe submission to an EUO as a condition precedent to recovery generally do not require the insurer to prove that it suffered actual prejudice from an insured's unexcused refusal to submit to an examination. *Lorenzo-Martinez v. Safety Ins. Co.*, 790 N.E.2d 692, 695-96 (Mass. App. Ct. 2003). The purpose of an EUO provision is to enable the carrier "to possess itself of all knowledge, and all information as to other sources and means of knowledge, in regard to the facts, material to their rights, to enable them to decide upon their obligations, and to protect them against false claims." *Claflin v. Commonwealth Insurance Co.*, 110 U.S. 81, 94-95 (1884). The EUO provides a mechanism for the insurer to corroborate the claim by obtaining information that is primarily or exclusively within the possession of the insured. *Lorenzo-Martinez*, 790 N.E.2d at 696.

In support of his contention that Progressive must prove actual prejudice, the petitioner relies on *Dover Mills Partnership v. Commercial Union Insurance Cos.*, which held that an insurer must prove it has been prejudiced by an insured's failure to report a potential claim "as soon as practicable" under an occurrence-based policy. *Dover Mills Partnership v. Comm. Union Ins. Cos.*, 144 N.H. 336, 339 (1999). *But see Bianco Prof. Assoc. v. Home Ins. Co.*, 144 N.H. 288, 296 (1999) (holding that insurer is not required to prove prejudice due to late notice under a claims-made policy). This holding reflects the view that "[t]he insured should not forfeit the protection he has paid for in the absence of a substantial breach." *Abington Fire Ins. Co. v. Drew*, 109 N.H. 464, 466 (1969). We examine any prejudice to the insurer, as well as the length of the delay and the reasons for it, to determine whether reasonable notice was given in light of the circumstances of the case. *Dover Mills Partnership*, 144 N.H. at 338. Unless the insurer was prejudiced by the late notice, the insured's failure to timely report the claim is not a material breach of the policy that would excuse the insurer from performance. *Id.* at 339.

The effect of an insured's breach of an EUO provision differs from the failure to provide timely notice. A delay in receiving notice does not necessarily impair the insurer's ability to investigate the claim. *See id.* In contrast, an insured's refusal to submit to an EUO significantly affects the insurer's investigation of the claim. *See Lorenzo-Martinez*, 790 N.E.2d at 696. Here, Progressive requested the EUO in order to resolve the residency issue and make a coverage determination. We will not require Progressive to prove that it has been prejudiced by the petitioner's refusal to submit to the EUO.

Because we hold that compliance with the EUO request is a condition precedent to filing suit under the petitioner's policy, we affirm the trial court's order denying the petitioner's request for declaratory relief.

*Affirmed.*

BRODERICK, C.J., and NADEAU, DALIANIS and GALWAY, JJ., concurred.