**THE STATE OF NEW HAMPSHIRE**

**SUPREME COURT**

**In Case No. 2015-0538, <u>Ohio Mutual Insurance Group & a.</u> <u>v. Merle Wilbur, III, Administrator of the Estate of Merle</u> <u>Wilbur, IV & a.</u>, the court on April 25, 2016, issued the following order:**

Having considered the briefs and oral arguments of the parties, the court concludes that a formal written opinion is unnecessary in this case. The defendant, Merle Wilbur, III (Wilbur), administrator of the estate of Merle Wilbur, IV, appeals an order of the Superior Court (<u>Delker</u>, J.) granting summary judgment in favor of the plaintiffs, Ohio Mutual Insurance Group and Casco Indemnity Company (collectively, Ohio Mutual). On appeal, Wilbur argues that the trial court erred when it determined that: (1) the failure of the driver to cooperate with Ohio Mutual was reason to deny liability coverage under Wilbur's policy; and (2) the estate was not entitled to uninsured motorist coverage due to the delay in providing notice of the incident to Ohio Mutual. We affirm in part, reverse in part, and remand.

The summary judgment record reflects the following pertinent facts. On December 24, 2012, Merle Wilbur, IV (the decedent) and Ken Plante were in Haverhill, Massachusetts, removing a tree. At some point during this process, a rope was tied to the tree and attached to a pickup truck owned by Wilbur and insured by Ohio Mutual. Plante, operating the truck, pulled down the tree, which the decedent was in at the time. The decedent sustained fatal injuries.

On December 26, Occupational Safety and Health Administration (OSHA) investigators visited the site. Additionally, the Haverhill Police Department investigated the decedent's death. Within a few weeks after the accident, both OSHA and the Haverhill Police Department spoke to Wilbur about what had occurred. Around this time, Wilbur learned that Plante had been driving Wilbur's truck at the time of the incident. In February 2013, Wilbur retained an attorney, who began attempts to contact Plante.

OSHA issued its report in the spring of 2013, concluding that it did not have jurisdiction over the matter. On June 18, 2013, Ohio Mutual received notice of the incident from Wilbur's attorney and learned of Plante's possible negligence in causing the decedent's death. Afterward, Ohio Mutual began its own investigation.

Ohio Mutual later filed a declaratory judgment action in superior court against Wilbur and Plante. Ohio Mutual requested a declaration that it was

not required to defend or indemnify Plante for the decedent's injuries and that it was not required to provide uninsured motorist coverage to Wilbur, as the executor of the decedent's estate. After attempts to serve Plante with notice of the lawsuit failed, the trial court granted Ohio Mutual's motion to serve Plante by publication. The trial court eventually entered a default judgment against Plante for failing to appear.

Ohio Mutual moved for summary judgment against Wilbur. It argued, among other things, that Plante's failure to respond to Ohio Mutual's efforts to contact him was a material breach of Wilbur's insurance policy, which resulted in Plante forfeiting liability coverage. Ohio Mutual also argued that the decedent was not entitled to coverage under the policy because Wilbur failed to "promptly" notify Ohio Mutual of the incident. Wilbur objected, and also moved for summary judgment. The trial court agreed with Ohio Mutual on both issues, and granted summary judgment in its favor. This appeal followed.

As an initial matter, we address Ohio Mutual's motion to dismiss this appeal as moot, which was filed in this court after the parties had submitted their briefs but before oral argument. See Sup. Ct. R. 25(7). Ohio Mutual argues that because the decedent's accident occurred on December 24, 2012, and Wilbur failed to file a lawsuit by December 24, 2015, the applicable statute of limitations bars any recovery. See Mass. Gen. Laws Ann. ch. 260 § 2A (West 2004) ("[A]ctions of tort [and] actions of contract to recover for personal injuries . . . shall be commenced only within three years next after the cause of action accrues."). However, this issue was not raised in the trial court, and because we cannot say as a matter of law that there are no circumstances under which the statute might have been tolled, Ohio Mutual's motion to dismiss is denied.

Turning to the merits, in reviewing the trial court's rulings on cross-motions for summary judgment, "we consider the evidence in the light most favorable to each party in its capacity as the nonmoving party and, if no genuine issue of material fact exists, we determine whether the moving party is entitled to judgment as a matter of law." Granite State Mgmt. & Res. v. City of Concord, 165 N.H. 277, 282 (2013) (quotation omitted). "If our review of that evidence discloses no genuine issue of material fact and if the moving party is entitled to judgment as a matter of law, then we will affirm the grant of summary judgment." Id. (quotation omitted). "We review the trial court's application of the law to the facts de novo." Bovaird v. N.H. Dep't of Admin. Servs., 166 N.H. 755, 758 (2014) (quotation omitted).

Wilbur originally raised two issues on appeal. First, he argued that the trial court erred in finding that Plante was not entitled to liability coverage for failing to cooperate with Ohio Mutual. However, at oral argument, Wilbur waived this issue, and, therefore, we affirm the trial court's grant of summary judgment in this regard. Wilbur's remaining argument concerns uninsured motorist coverage under the policy. Specifically, Wilbur argues that the trial court erred when it determined that Wilbur did not notify Ohio Mutual of the

2

claim "promptly," as required by the policy, and that Ohio Mutual was prejudiced by the delay.

Resolution of this matter requires the interpretation of the insurance policy at issue. "Interpretation of the language in an insurance policy is a question of law." Wilson v. Progressive N. Ins. Co., 151 N.H. 782, 788 (2005). "We construe the language of an insurance policy as would a reasonable person in the position of the insured based on a more than casual reading of the policy as a whole." Id. "Where the terms of a policy are clear and unambiguous, we accord the language its natural and ordinary meaning." Id.

Part E of the policy, entitled "DUTIES AFTER AN ACCIDENT OR LOSS," contains a list of obligations that a person seeking coverage must perform. Included is the requirement that Ohio Mutual "must be notified promptly of how, when and where the accident or loss happened." (Emphasis added.) The policy provides that Ohio Mutual has "no duty to provide coverage under this policy if the failure to comply with the . . . duties [listed] is prejudicial to [it]."

The policy does not define the term "promptly." Both parties rely upon our case law interpreting insurance policies requiring that notice be given to the insurer "as soon as practicable," and neither side argues that there is a meaningful distinction between notice given "promptly" and "as soon as practicable." Therefore, we assume, without deciding, that the two are the same.

"[W]hether there has been a breach of the policy provisions requiring notice to be given 'as soon as practicable' does not depend on the length of the delay alone but also upon the reasons for the delay and whether the delay resulted in prejudice to the insurer." Id. at 785 (quotation omitted). "It is a combination of these three factors that determines whether there has been a substantial breach of the notice requirements of the policy so as to relieve the insurer of its obligation to defend and pay any judgments." Id. (quotation omitted). "The relative weight to be given these factors is for the trial court to determine." Id. (quotation omitted). "Unless no reasonable person could find that notice was given as soon as was reasonably possible, the question whether the notice requirement has been met is one of fact for the trial court." Id. (quotation omitted).

The trial court concluded that "the three factors all weigh in favor of finding that [Wilbur] breached the policy." With regard to the length of the delay, it is undisputed that the incident occurred on December 24, 2012, and that Wilbur's attorney sent notice of the claim to Ohio Mutual on June 14, 2013, resulting in a delay of approximately six months. The trial court found this delay to be "substantial." The trial court also stated that Wilbur's reason — that he wanted to wait until after the OSHA report was issued — did "not justify his delay." The trial court pointed to Wilbur's recorded statement to Ohio Mutual, in which he stated that he knew Plante was driving the truck a

3

few weeks after the incident occurred, yet waited several months before informing Ohio Mutual.

Nevertheless, even assuming the delay was substantial, and that Wilbur's purported reason did not excuse the delay, we disagree with the trial court that Ohio Mutual was prejudiced by the delay. See id. at 786-88 (reversing the trial court because of lack of prejudice even though plaintiff conceded that she did not give the insurer notice "as soon as practicable"). "Prejudice . . . is central to a determination of whether the lack of notice constitutes a material breach of the insurance contract." Dover Mills Partnership v. Comm. Union Ins. Cos., 144 N.H. 336, 339 (1999). Additionally, we have "never held that an insurer is per se prejudiced by an unexcused prolonged delay." Wilson, 151 N.H. at 786 (quotation omitted). Both parties agree that, in the trial court, Ohio Mutual had the burden of demonstrating prejudice. See Dover Mills, 144 N.H. at 339 (stating that, if the insured gives late notice under an occurrence liability policy, the insurer must show prejudice to deny coverage).

The trial court stated that, because of the delay, "evidence was lost." Specifically, the trial court found that "the accident scene had been cleared and the trees had been removed," which "effectively prevented [Ohio Mutual] from investigating the claim on [its] own." It also found that "[a]lthough some evidence, like the truck, was available to [Ohio Mutual] at the time [it] received notice, this does not rectify such prejudice."

However, even if Wilbur had notified Ohio Mutual about the incident within a few weeks of its occurrence, after he learned that Plante was driving his truck, nothing in the record suggests that the accident scene would still have been available for inspection. We rejected a similar argument in Dover Mills, a slip-and-fall case. Id. at 337, 339-40. There, the insurer claimed prejudice due to late notice because the snow and ice allegedly on the staircase on the day of the accident had melted, "thereby depriving the insurer of the opportunity to photograph the conditions on that day." Id. at 340. We stated that the insurer's argument was "irrelevant because even if notice had been provided when the plaintiff learned of the accident, the conditions by then would have materially changed." Id. The same is true in this case. In fact, at oral argument, Ohio Mutual agreed that the accident scene would probably have been cleared even if it were notified earlier.

Wilbur and Ohio Mutual disagree about the adequacy of the OSHA and police reports in abating any possible prejudice to Ohio Mutual. However, although the trial court noted that Ohio Mutual would need to rely upon these reports, the trial court made no determination as to whether these reports provided an adequate account of the incident. Because of this, and the fact that the appellate record does not contain complete copies of these reports, we do not consider the adequacy of these reports in making our decision.

4

Ohio Mutual also argues that, although it was able to inspect Wilbur's truck, Ohio Mutual was "unable to determine whether . . . the condition of the vehicle had been altered in any way during the six months that had elapsed since the accident, and, therefore, could not determine whether any defect, improper maintenance or mechanical failure of the truck may have contributed to the incident." The trial court's decision does not indicate that it is based upon the possibility that the truck had been altered; but, even if it had, such speculation is insufficient to demonstrate prejudice. See id. ("Although the insurer need not show actual loss of evidence to demonstrate prejudice, it must at the very least provide the court with facts showing prejudice and not merely surmise that it may be prejudiced because certain events may have occurred in the abstract during the period of delay." (citation omitted)).

Finally, Ohio Mutual argues that Wilbur's delay also resulted in an inability to locate and speak with Plante. However, the trial court specifically noted that it did not base its decision upon whether the delay in notification resulted in Ohio Mutual's lost opportunity to speak with Plante. Rather, it ruled that there was a genuine issue of material fact as to whether Plante would have cooperated if contacted earlier. We note that Ohio Mutual did not file a cross-appeal regarding the trial court's ruling on this issue.

For the reasons discussed above, we conclude that the trial court erred in granting summary judgment with respect to uninsured motorist coverage because genuine issues of material fact exist regarding the absence or extent of prejudice to Ohio Mutual. Therefore, it was improper for the court to rule, as a matter of law, that no reasonable person could find that notice was given "promptly" as the policy required. See id. We reverse the trial court's grant of summary judgment with respect to uninsured motorist coverage and remand for further proceedings consistent with our decision.

To the extent that Wilbur argues that the trial court erred in failing to grant his motion for summary judgment, we cannot determine on the record before us whether the estate is entitled to uninsured motorist coverage as a matter of law. For example, the trial court did not address all of Ohio Mutual's arguments, aside from timely notification, in ruling that the estate is not entitled to uninsured motorist coverage. We express no opinion as to whether these other arguments may provide an independent basis for denying the estate uninsured motorist coverage.

Affirmed in part; reversed in part; and remanded.

DALIANIS, C.J., and HICKS, CONBOY, LYNN, and BASSETT, JJ., concurred.

**Eileen Fox,**
**Clerk**

5